UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:13-cv-90-RJC

| | |
|---|---|
| JONATHAN HENSLEE, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> FNU SINGLETON, Avery/Mitchell ) <br> Correctional Officer, ) <br> ) <br> Defendant. ) <br> _____ ) | **ORDER** |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983, (Doc. No. 1); on Plaintiff's Motion for Writ, (Doc. No. 4); and on Plaintiff's Motion for Default Judgment, (Doc. No. 10).

**I.  BACKGROUND**

Pro se Plaintiff Jonathan Henslee, a North Carolina state court inmate currently incarcerated at Avery/Mitchell Correctional Institution, filed this action on March 25, 2013, naming as the sole Defendant FNU Singleton, identified as a correctional officer at Avery/Mitchell. Plaintiff purports to bring an excessive force claim against Defendant Singleton, alleging as follows:

> Excessive use of force, on October 27, 2012, the Plaintiff was handcuffed standing facing the wall on Watauga Unit B-Side Hallway, Officer (FNU) Singleton then peppered sprayed the Plaintiff in the face and head, the Plaintiff was never a danger to anyone, or his [sic] self at this specific time. There is digital recordings [sic] of this incident, there is a recording camera in the B-side hallway, and outside, where the entrance to B-side hallway, and outside, where the entrance to B-side hallway attached to the side of the building that records

1

through the windows of the hallway. The incident took place 10-27-2012, between 6:15 to 6:45 p.m.

(Doc. No. 1 at 4).

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990)

## III. DISCUSSION

As noted, Plaintiff contends that Defendant violated his Eighth Amendment right to be free from cruel and unusual punishment by using excessive force against him. The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. CONST. amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain," Whitley v. Albers, 475 U.S. 312, 319 (1986). To establish an Eighth Amendment claim, an inmate must

satisfy both an objective component–that the harm inflicted was sufficiently serious–and a subjective component–that the prison official acted with a sufficiently culpable state of mind. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). In adjudicating an excessive force claim, the Court must consider such factors as the need for the use of force, the relationship between that need and the amount of force used, the extent of the injury inflicted, and, ultimately, whether the force was "applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." Albers, 475 U.S. at 320-21. Furthermore, the Supreme Court has recently reiterated that "[a]n inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." Wilkins v. Gaddy, 130 S.Ct. 1175, 1178-79 (2010). In Wilkins v. Gaddy, the Supreme Court observed:

> This is not to say that the "absence of serious injury" is irrelevant to the Eighth Amendment inquiry. "[T]he extent of injury suffered by an inmate is one factor that may suggest 'whether the use of force could plausibly have been thought necessary' in a particular situation." The extent of injury may also provide some indication of the amount of force applied. As we stated in Hudson, not "every malevolent touch by a prison guard gives rise to a federal cause of action." "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." An inmate who complains of a "push or shove" that causes no discernible injury almost certainly fails to state a valid excessive force claim. Injury and force, however, are only imperfectly correlated, and it is the latter that ultimately counts.

Id. at 1178-79 (citations omitted).

The Court finds that Plaintiff has stated a claim of excessive force against Defendant Singleton sufficient to survive initial review. That is, drawing all inferences in Plaintiff's favor, the Court must accept as true on initial review that Defendant Singleton pepper-sprayed Plaintiff

3

on his face and head while Plaintiff has handcuffed and without any provocation by Plaintiff. Accord McGuire v. Union County Jail, No. 4:13cv-P28-M, 2013 WL 4520282, at *1 (W.D. Ky. Aug. 26, 2013) (where the plaintiff pre-trial detainee alleged that a guard pepper-sprayed him without provocation and with malicious intent, the detainee alleged excessive force sufficient to survive initial review under § 1915A). However, the Court will deny Plaintiff's Motion for Writ and Motion for Default Judgment. The "Motion for Writ" does not state what remedy, if any, Plaintiff seeks through a writ. Furthermore, Plaintiff is not entitled to default judgment against Defendant Singleton because Singleton has not even been served with process.

## IV. CONCLUSION

In sum, the Complaint survives initial review under 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Complaint, (Doc. No. 1), survives initial review under § 1915(e) and 28 U.S.C. § 1915A;

2. Plaintiff's Motion for Writ, (Doc. No. 4), and Motion for Default Judgment, (Doc. No. 10), are **DENIED**.

3. The U.S. Marshal shall attempt to effectuate service on Defendant using the summons form provided by Plaintiff.

Signed: March 12, 2014

Robert J. Conrad, Jr.
United States District Judge