# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
#### 1:13-cv-90-RJC

| | |
|---|---|
| JONATHAN HENSLEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| ) | |
| FNU SINGLETON, Avery/Mitchell ) | |
| Correctional Officer, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** comes before the Court on the following motions by Plaintiff: (1) Motion Seeking Fact-Finder, (Doc. No. 32); Motion to Appoint Counsel, (Doc. No. 36); Motion for Leave to File Amended Complaint, (Doc. No. 37); and Motion to Compel to Produce, (Doc. No. 38).

Pro se Plaintiff Jonathan Henslee, a North Carolina state court inmate currently incarcerated at Avery/Mitchell Correctional Institution, filed this action on March 25, 2013, naming as the sole Defendant FNU Singleton, identified as a correctional officer at Avery/Mitchell, alleging that Defendant Singleton used excessive force against Plaintiff on October 27, 2012. On March 12, 2014, this Court found that the action survived initial review. (Doc. No. 15). On June 30, 2014, Defendant Singleton filed an Answer, denying Plaintiff's claims. (Doc. No. 34). Plaintiff has filed several motions now pending before the Court.

First, Plaintiff has filed a "motion seeking fact finder," in which Plaintiff seeks "fact finders" for this Court's orders dated April 18, 2014, and May 13, 2014, in which this Court

granted Defendant extensions of time to file an Answer. The Court denies this motion as non-justiciable.

Next, Plaintiff has filed a motion to appoint counsel. In support, Plaintiff alleges that he cannot afford counsel, his imprisonment will greatly limit his ability to litigate, he has no access to a prison law library, and this matter involves complex issues. There is no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). Notwithstanding Plaintiff's contentions to the contrary, this case does not present exceptional circumstances that justify appointment of counsel. Therefore, Plaintiff's Motion to Appoint Counsel will be denied.

Next, Plaintiff has filed a motion to amend the complaint in which Plaintiff states that, since the filing of the original complaint, he "has determined that an additional constitutional violation has occurred, [a] due process rights violation." (Doc. No. 37 at 1). The Court denies the motion to amend. Plaintiffs may not amend a complaint in piecemeal fashion. If Plaintiff wishes to amend his complaint, he must attach to any motion to amend a proposed amended complaint adding new claims while incorporating any claims from the original complaint that he would like to include. The amended complaint would then supersede the original complaint.

Finally, Plaintiff's motion to compel Defendant to provide video footage taken on the day on the alleged incident is denied as premature, as discovery has not commenced. The Court will enter a scheduling order forthwith setting deadlines for discovery and dispositive motions.

**IT IS THEREFORE ORDERED** that Plaintiff's: (1) Motion Seeking Fact-Finder,

granted Defendant extensions of time to file an Answer. The Court denies this motion as non-justiciable.

Next, Plaintiff has filed a motion to appoint counsel. In support, Plaintiff alleges that he cannot afford counsel, his imprisonment will greatly limit his ability to litigate, he has no access to a prison law library, and this matter involves complex issues. There is no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). Notwithstanding Plaintiff's contentions to the contrary, this case does not present exceptional circumstances that justify appointment of counsel. Therefore, Plaintiff's Motion to Appoint Counsel will be denied.

Next, Plaintiff has filed a motion to amend the complaint in which Plaintiff states that, since the filing of the original complaint, he "has determined that an additional constitutional violation has occurred, [a] due process rights violation." (Doc. No. 37 at 1). The Court denies the motion to amend. Plaintiffs may not amend a complaint in piecemeal fashion. If Plaintiff wishes to amend his complaint, he must attach to any motion to amend a proposed amended complaint adding new claims while incorporating any claims from the original complaint that he would like to include. The amended complaint would then supersede the original complaint.

Finally, Plaintiff's motion to compel Defendant to provide video footage taken on the day on the alleged incident is denied as premature, as discovery has not commenced. The Court will enter a scheduling order forthwith setting deadlines for discovery and dispositive motions.

**IT IS THEREFORE ORDERED** that Plaintiff's: (1) Motion Seeking Fact-Finder,

(Doc. No. 32); Motion to Appoint Counsel, (Doc. No. 36); Motion for Leave to File Amended Complaint, (Doc. No. 37); and Motion to Compel to Produce, (Doc. No. 38), are all **DENIED**.

Signed: July 28, 2014

Robert J. Conrad, Jr.
United States District Judge