UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:13-cv-90-RJC

| | |
|---|---|
| JONATHAN HENSLEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| ) | |
| FNU SINGLETON, Avery/Mitchell ) | |
| Correctional Officer, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** comes before the Court on the following motions by Plaintiff: (1) a Motion for Subpoena Duces Tecum, (Doc. No. 40); a Motion to Reconsider, Leave to file an Amended Complaint, (Doc. No. 50); and a Motion to Compel Discovery, (Doc. No. 53).

Pro se Plaintiff Jonathan Henslee, a North Carolina state court inmate currently incarcerated at Avery/Mitchell Correctional Institution, filed this action on March 25, 2013, naming as the sole Defendant FNU Singleton, identified as a correctional officer at Avery/Mitchell, alleging that Defendant Singleton used excessive force against Plaintiff on October 27, 2012. On March 12, 2014, this Court found that the action survived initial review. (Doc. No. 15). On June 30, 2014, Defendant Singleton filed an Answer, denying Plaintiff's claims. (Doc. No. 34). Plaintiff has filed several motions now pending before the Court.

First, Plaintiff has filed a Motion for Subpoena Duces Tecum, in which Plaintiff asserts that, in response to a discovery request for videotape footage of the alleged incident of excessive force against Plaintiff, Defendant has asserted that no video recordings of the incident exist.

1

Plaintiff seeks an order from this Court requiring Avery/Mitchell Correctional Institution Administrator Mike Ball "[t]o produce all hard drives from computers that monitor[] installed cameras, restores video recordings, and any additional data, et al."[1] (Id. at 1). Plaintiff asserts that the requested hard drive "will show that the installed camera system on Watauga Unit B-Side hallway was functioning and by which then the CD-video recording is available." (Doc. No. 41 at 2). Plaintiff asserts that if video records do not exist, then the recordings must have been destroyed. (Id.). In response to Plaintiff's motion, Defendant has submitted the affidavit of Avery/Mitchell Correctional Institution Administrator Mike Ball, in which Ball asserts that the surveillance cameras on Watauga Unit B-Side hallway do not record, as those cameras are monitoring-only cameras, which are reviewable to officers in the Watauga Unit control booth. Ball attests that there is, therefore, no surveillance video footage of the incident occurring on October 27, 2012, when the alleged excessive force occurred. As Defendant has submitted a sworn affidavit attesting that there is no video of the incident, this Court will deny Plaintiff's motion for subpoena duces tecum.

Next, Plaintiff has filed a motion for reconsideration of the Court's prior order denying his motion to amend the complaint. The Court denies the motion for reconsideration for the same reason that the Court denied Plaintiff's original motion to amend the Complaint. As the Court noted in its prior order, Plaintiff did not submit a proposed amended complaint along with the motion to amend, and Plaintiffs may not amend a complaint in piecemeal fashion. In sum, Plaintiff's motion for reconsideration is denied.

---

[1] Plaintiff requests that the requested hard drives be sent to his "attorney in fact," a person named John Sequeira. No person by that name has filed a notice of appearance of counsel to serve on Plaintiff's behalf, and the docket indicates that Plaintiff is proceeding pro se.

Finally, the Court addresses Plaintiff's motion to compel, in which Plaintiff seeks to have Defendant Singleton answer various interrogatories and produce for inspection and copying various documents. The Court will deny Plaintiff's motion to compel. Here, Defendant has shown in his response that he has adequately responded to all discovery requests that do not seek privileged or other materials that are not subject to discovery, such as confidential personnel information.[2] Furthermore, Defendant has raised the defense of qualified immunity, and Defendant has adequately shown that he is entitled to protection from further discovery requests from Plaintiff at this time.

**IT IS THEREFORE ORDERED** that Plaintiff's: (1) Motion for Subpoena Duces Tecum, (Doc. No. 40); Motion to Reconsider, for Leave to File an Amended Complaint, (Doc. No. 50); and Motion to Compel Discovery, (Doc. No. 53), are all **DENIED**. Defendant shall not be required to respond to any further discovery requests from Plaintiff at this time.

Signed: October 7, 2014

Robert J. Conrad, Jr.
United States District Judge

---

[2] Defendant explains in his response that he has already responded to nine separate requests for production, as well as to two separate requests for admissions and demand for pretrial disclosures from Plaintiff. Furthermore, in a supplemental response, Defendant shows that he has also responded to three sets of interrogatories propounded by Plaintiff. See (Doc. No. 56). Defendant contends that "[t]he process of responding to voluminous requests from Plaintiff has become unduly burdensome and prejudicial to Defendant Singleton. Moreover, Plaintiff continues to demand information or documents that either do not exist, are privileged and confidential information, or that has already been provided to him." (Doc. No. 54 at 4).