**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:13-cv-90-RJC**

| | |
|---|---|
| **JONATHAN HENSLEE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| ) | |
| **FNU SINGLETON, Avery/Mitchell** ) | |
| **Correctional Officer,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**THIS MATTER** is before the Court on its own motion following the filing of a Motion for Summary Judgment by Defendant Jonathan Henslee, (Doc. No. 68).

Pro se Plaintiff Jonathan Henslee is a state court inmate currently incarcerated at Lanesboro Correctional Institution. Plaintiff filed this action on March 25, 2013, pursuant to 42 U.S.C. § 1983, naming as the sole Defendant Singleton, a correctional officer at all relevant times at Avery/Mitchell Correctional Institution ("AMCI"). (Doc. No. 1). Plaintiff alleges that Defendant used excessive force against him in violation of his Eighth Amendment rights. According to Plaintiff's allegations, on October 27, 2012, while Plaintiff was handcuffed and facing the wall of the hallway in the B-side of AMCI's Watauga Unit, Defendant Singleton pepper-sprayed Plaintiff in the face and head. (Id. at 4). Plaintiff alleges that he was not a threat to himself or anyone else. (Id.). Plaintiff seeks injunctive relief, as well as compensatory and punitive damages. (Id.).

On January 21, 2015, Defendant filed the pending summary judgment motion. (Doc. No. 68). On January 26, 2015, this Court entered an Order pursuant to Roseboro v. Garrison, 528

F.2d 309 (4th Cir. 1975), granting Petitioner fourteen days to respond to the summary judgment motion. (Doc. No. 71). On February 4, 2015, Petitioner filed a memorandum in opposition to the summary judgment motion. (Doc. No. 73). On the same day, Petitioner filed a Motion to Strike Mike Ball's Affidavit, (Doc. No. 72), and a Motion to Proceed with a Jury Trial, (Doc. No. 74).

In support of the summary judgment motion, Defendant relies on reports by various correctional officers submitted following the incident, as well as on the affidavit of nonparty Mike Ball, Administrator of AMCI, who reviewed the incident. See (Doc. No. 68-1: Ball Aff.). Ball's affidavit essentially recounts and affirms the following incident report of Defendant Singleton:

> On 10/27/12 at approx. 6:51 p.m. while working Watauga Unit B wing floor, I heard officer Mathes call a disturbance via radio on B wing A block. When I got in A block, the inmates had stopped fighting. Officer Mathes positively identified [Plaintiff] and inmate Ontario Burris [] as the two inmates that were fighting. Officer Stafford gave [Plaintiff] an order to go to the core area with which he complied. I gave inmate Burris an order to go to the A & B officer station which which he complied. The [sergeant] on duty told us via radio to handcuff both inmates. I gave inmate Burris an order to submit to handcuffs with which he complied and I placed handcuffs on inmate Burris without incident on any force. At this time I could see that [Plaintiff] was being loud and not following Officer Stafford's orders to submit to handcuffs. [Another officer] stayed in the officer station with Burris while I went to the core to assist officer Stafford. I heard Stafford give [Plaintiff] 3 direct orders to turn around and submit to cuffs. Stafford had the cuffs on [Plaintiff's] left hand, but [Plaintiff] would not give Stafford his right hand. I then gave [Plaintiff] a direct order to submit his right hand. He then lunged toward me and said, "Spray me mother fucker and I'll have your job." He lunged toward me again. At this time I gave [Plaintiff] a short burst of O.C. pepper spray to the facial area. He then turned away from me and submitted his right hand to Stafford and [Stafford] placed a cuff on it without further incident.

(Doc. No. 68-1 at 28-29). Defendant's summary judgment materials show that Plaintiff was given a shower for decontamination following the incident. (Id. at 33; 35). Defendant also

submits that Plaintiff suffered no injury as a result of the incident. An evaluation by a nurse following the incident indicated "no acute distress" and "no signs or symptoms of injury or trauma." (Id. at 38).

Plaintiff has submitted a brief in response to the summary judgment motion, in which he declares, under penalty of perjury, that he at no time lunged at Defendant Singleton, and he notes that he was never charged with a disciplinary infraction for assaulting or attempting to assault an officer. (Doc. No. 73 at 2). Plaintiff has also submitted a sworn declaration in this action, in which he asserts, under penalty of perjury, that Defendant Singleton "pepper[] sprayed me while I was handcuffed and I did not present any threat whatsoever to myself or anyone else." (Doc. No. 3). Plaintiff further asserts in his response to the summary judgment motion that neither officer Danny Stafford nor officer Jonathan Mathes mentioned anything in their original incident reports about Plaintiff "lunging" or otherwise presenting a threat to Defendant Singleton before Defendant applied the pepper spray. See (Doc. No. 73 at 9; Doc. No. 74 at 3; 6). Plaintiff contends, therefore, that the incident reports of Stafford and Mathes contradict Defendant Singleton's report. Finally, as to injuries, Plaintiff alleges that Defendant "applied over half a can of his pepper spray to the face and side of the face of the Plaintiff. The Plaintiff's scalp and eyes burned for 3 days following this attack. The nurse verbally told the Plaintiff to apply cold water to his scalp hourly and to flush his eyes out with cold water every 4-6 hours due to the volume of pepper spray that was used." (Doc. No. 73 at 3).

The Court calls Defendant's attention to Boone v. Stallings, 583 F. App'x 174 (2014), in which the Fourth Circuit recently vacated and remanded a district court's grant of summary judgment in a case with very similar facts. The Fourth Circuit there found that there was a

3

genuine issue of fact as to whether a correctional officer deployed pepper spray on a state prisoner before or after handcuffing him and whether the prisoner assaulted an officer and a nurse before the incident, thus precluding summary judgment in the officer's favor.  The Fourth Circuit noted that "if a jury were to believe [plaintiff's] allegation that he was on the ground, already restrained in handcuffs when Officer Murray deployed the pepper spray, the jury could conclude that [plaintiff] was subjected to unconstitutionally excessive force." Id. at 176.  In Boone, as in this case, the plaintiff prisoner submitted sworn statements in response to the summary judgment motion in which he denied that he did anything to provoke the use of pepper spray.  See also Iko v. Shreve, 535 F.3d 225, 239-40 (4th Cir. 2008) (finding genuine issue of material fact when prison guard deployed several bursts of pepper spray on docile prisoner); Williams v. Benjamin, 77 F.3d 756, 763 (4th Cir. 1996) (stating that "it is a violation of the Eighth Amendment for prison officials to use mace, tear gas or other chemical agents in quantities greater than necessary or for the sole purpose of infliction of pain").

Before the Court rules on Defendant's summary judgment motion, the Court will require Defendant to submit a brief in this action addressing why this Court is not foreclosed under Boone and other Fourth Circuit precedent from granting summary judgment to Defendant.

**IT IS, THEREFORE, ORDERED** that:

1. Defendant shall submit to the Court a memorandum in accordance with this Order within 20 days.  Plaintiff shall then have ten days from service of the memorandum in which to file a response brief if he so wishes.

Signed: April 20, 2015

Robert J. Conrad, Jr.
United States District Judge