**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:13-cv-90-FDW**

| | |
|---|---|
| JONATHAN HENSLEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| ) | |
| FNU SINGLETON, Avery/Mitchell ) | |
| Correctional Officer, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** comes before the Court on a Motion for Summary Judgment by Defendant Jonathan Henslee, (Doc. No. 68); on Plaintiff's Motion to Strike Mike Ball's Affidavit, (Doc. No. 72); on Plaintiff's Motion to Proceed with a Jury Trial and Opposition to Dispositive Motion(s), (Doc. No. 74); and on Defendant's Motion to Strike Plaintiff's Motion to Proceed with a Jury Trial and Miscellaneous Documents Filed by Plaintiff, (Doc. No. 76).

**I.     BACKGROUND**

A.     Procedural Background

Pro se Plaintiff Jonathan Henslee is a state court inmate currently incarcerated at Lanesboro Correctional Institution. Plaintiff filed this action on March 25, 2013, pursuant to 42 U.S.C. § 1983, naming as the sole Defendant Marty Singleton, a Correctional Officer at all relevant times at Avery/Mitchell Correctional Institution ("AMCI"). (Doc. No. 1). Plaintiff alleges that Defendant used excessive force against him in violation of his Eighth Amendment rights. (Doc. No 1). According to Plaintiff's allegation, on or about October 27, 2012, while Plaintiff was handcuffed and facing the wall of the hallway in the B-side of AMCI's Watauga

Unit, Defendant Singleton pepper-sprayed Plaintiff in the face and head. (Id. at 4). Plaintiff alleges that he was not a threat to himself or anyone else. (Id. at 3). Plaintiff seeks injunctive relief, as well as compensatory and punitive damages. (Id. at 4).

On January 21, 2015, Defendant filed the pending summary judgment motion. (Doc. No. 68). On January 26, 2015, this Court entered an Order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), granting Petitioner fourteen days to respond to the summary judgment motion. (Doc. No. 71). On February 4, 2015, Petitioner filed a memorandum in opposition to the summary judgment motion. (Doc. No. 73). On the same day, Petitioner filed a Motion to Strike Mike Ball's Affidavit, (Doc. No. 72), and a Motion to Proceed with a Jury Trial and Opposition to Defendant's Dispositive Motion(s), (Doc. No. 74). On May 4, 2015, Defendant Singleton filed a Motion to Strike Plaintiff's Motion to Proceed with a Jury Trial and Plaintiff's Amended Official Reply and Opposition to Defendant's Summary Judgment Motion, (Doc. No. 76).

  B. Factual Background

  1. Defendant's Summary Judgment Materials

In support of the summary judgment motion, Defendant relies on incident reports by various correctional officers and other witnesses submitted following the incident, as well as on the affidavit of nonparty Mike Ball, Administrator of AMCI, who reviewed the incident. See (Doc. No. 68-1: Ball Aff.). Ball's affidavit essentially recounts and affirms the following incident report of Defendant Singleton:

> On 10/27/12 at approx. 6:51 p.m. while working Watauga Unit B wing floor, I heard officer Mathes call a disturbance via radio on B wing A block. When I got in A block, the inmates had stopped fighting. Officer Mathes positively identified [Plaintiff] and inmate Ontario Burris [] as the two inmates that were fighting.

2

> Officer Stafford gave [Plaintiff] an order to go to the core area with which he
> complied. I gave inmate Burris an order to go to the A & B officer station which
> which he complied. The [sergeant] on duty told us via radio to handcuff both
> inmates. I gave inmate Burris an order to submit to handcuffs with which he
> complied and I placed handcuffs on inmate Burris without incident on any force.
> At this time I could see that [Plaintiff] was being loud and not following Officer
> Stafford's orders to submit to handcuffs. [Another officer] stayed in the officer
> station with Burris while I went to the core to assist officer Stafford. I heard
> Stafford give [Plaintiff] 3 direct orders to turn around and submit to cuffs.
> Stafford had the cuffs on [Plaintiff's] left hand, but [Plaintiff] would not give
> Stafford his right hand. I then gave [Plaintiff] a direct order to submit his right
> hand. He then lunged toward me and said, "Spray me mother fucker and I'll have
> your job." He lunged toward me again. At this time I gave [Plaintiff] a short
> burst of O.C. pepper spray to the facial area. He then turned away from me and
> submitted his right hand to Stafford and [Stafford] placed a cuff on it without
> further incident.

(Doc. No. 68-1 at 28-29). Defendant's summary judgment materials show that Plaintiff was given a shower for decontamination following the incident. (Id. at 33; 35). Defendant also submits that Plaintiff suffered no injury as a result of the incident. An evaluation by a nurse following the incident indicated "no acute distress" and "no signs or symptoms of injury or trauma." (Id. at 38).

    2.    <u>Plaintiff's Summary Judgment Materials</u>

Plaintiff has submitted a brief and a sworn declaration in response to the summary judgment motion, in which he declares, under penalty of perjury, that he "at no time lunged at Defendant Singleton." (Doc. No. 79-1 at 50). Plaintiff asserts that he and another inmate were in a fight on October 27, 2012, when officers entered the dorm, and Plaintiff and the other inmate stopped fighting. Plaintiff further alleges that:

> Plaintiff and the other inmate were handcuffed on the spot inside the dorm where
> the fight occurred. It is standard protocol to handcuff inmates after a fight in
> order to protect other inmates and officers from potential harm. The Plaintiff was
> then moved to the hallway. Within a couple of minutes officer Singleton entered
> the hallway and started asking questions. The Plaintiff refused to talk and told

officer Singleton that "I do not feel like talking right now." At that point, officer
Singleton pulled his pepper spray can out and began shaking the can lightly and
said, "I think you are going to talk" with a smile on his face. At this point the
Plaintiff turned his head and stated, "Spray me motherfucker and I'll have your
job." While the Plaintiff should not have used profanity, he was stating a point of
fact because pepper spraying a secured inmate that was not threatening anyone is
against prison rules. At that point, officer Singleton applied over half a can of his
pepper spray to the face and side of the face of the Plaintiff. The Plaintiff's scalp
and eyes burned for 3 days following this attack. The nurse verbally told the
Plaintiff to apply cold water to his scalp hourly and to flush his eyes out with cold
water every 4-6 hours due to the volume of pepper spray that was used.

(Id. at 49-50).

Plaintiff also asserts, under penalty of perjury, that Defendant Singleton "pepper[] sprayed me while I was handcuffed and I did not present any threat whatsoever to myself or anyone else." (Id. at 49). Plaintiff further asserts that neither officer Danny Stafford nor officer Jonathan Mathes mentioned anything in their original incident reports about Plaintiff "lunging" or otherwise presenting a threat to Defendant Singleton before Defendant applied the pepper spray. See (Doc. No. 73 at 9; Doc. No. 74 at 3; 6; Doc. No. 79-1 at 3). Plaintiff contends, therefore, that the incident reports of Stafford and Mathes contradict Defendant Singleton's report. (Doc. No. 79-1 at 3-4). Finally, Plaintiff notes that he was never charged with a disciplinary infraction for assaulting or attempting to assault an officer. (Id. at 3).

## II. STANDARD OF REVIEW

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is material only if it might affect the outcome of the suit under governing law. Id.

4

The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal citations omitted).

Once this initial burden is met, the burden shifts to the nonmoving party. The nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Id. at 322 n.3. The nonmoving party may not rely upon mere allegations or denials of allegations in his pleadings to defeat a motion for summary judgment. Id. at 324. The nonmoving party must present sufficient evidence from which "a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248; accord Sylvia Dev. Corp. v. Calvert County, Md., 48 F.3d 810, 818 (4th Cir. 1995).

When ruling on a summary judgment motion, a court must view the evidence and any inferences from the evidence in the light most favorable to the nonmoving party. Anderson, 477 U.S. at 255. "'Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.'" Ricci v. DeStefano, 129 S. Ct. 2658, 2677 (2009) (quoting Matsushita v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).

### III. DISCUSSION

A. The Parties' Respective Motions to Strike

Before addressing the merits of Defendant's summary judgment motion, the Court must first address the parties' respective motions to strike. The Court first addresses Defendant's motion to strike various documents submitted by Plaintiff in opposition to the summary

judgment motion. Defendant contends that these documents, including the sworn declaration submitted by Plaintiff recounting his allegations of excessive force, are not signed by Plaintiff, but are, rather, signed by a person who is neither Plaintiff nor someone representing him as counsel. The Court will deny the motion to strike. In his response to Defendant's motion to strike, Plaintiff explains that the assertions made in his declaration are all based on his own personal knowledge, and that his sworn declaration was authored by him. See (Doc. No. 80). He explains that he handwrote his sworn declaration and that the declaration was merely typed up and mailed by his "power of attorney . . . to make the documents more professional to the court and defendant." (Doc. No. 81 at 2). He has, further, resubmitted his declaration, sworn under penalty of perjury. (Doc. No. 79). Thus, Plaintiff has cured any defects in his earlier sworn declaration. Here, it is clear to the Court that the statements made in Plaintiff's sworn declaration were based on his personal knowledge. Therefore, Defendant's motion to strike is denied.

Next, in Plaintiff's motion to strike the affidavit of Mike Ball, Plaintiff contends that Ball's affidavit should be stricken pursuant to Rules 403, 406, 607, 608, 701, 801, 802, and 806 of the Federal Rules of Civil Procedure. With regard to Plaintiff's motion to strike the affidavit of Mike Ball, Plaintiff argues that the affidavit should be stricken based on Plaintiff's contention that Ball's investigation of the excessive force claim was flawed, that Ball's affidavit contains incorrect statements and inaccuracies, and that Ball's affidavit is more prejudicial than probative. Plaintiff also appears to be arguing that Ball should not be allowed to provide an opinion as to whether excessive force was used.

An "affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant . . . is competent to testify on the matters stated." FED. R. CIV. P. 56(c)(4) (emphasis added). When an "affidavit contains both inadmissible and admissible portions, courts are free to strike only the inadmissible portions." Morrison v. Jordan, No. 7:08-cv-643, 2010 WL 3783452, at *3 (W.D. Va. Sept. 28, 2010) (citing Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 962 (4th Cir. 1996)). Plaintiff's motion to strike is denied to the extent that this Court will not strike the entirety of Ball's affidavit. The Court does note, however, that, as to any legal conclusions made by Ball in his affidavit with regard to use of force, those legal conclusions have no impact on any legal determination by this Court as to whether Defendant Singleton used excessive force. Finally, the Court will disregard any statements in Ball's supporting affidavit that are not based on his personal knowledge. Although the Court may certain rely on statements by the officers who were present during the incident, Ball was not present during the incident. Thus, to the extent that he merely recites the officers' statements as to what happened, Ball's statement is not based on his personal knowledge. Although the Court declines to strike the entire affidavit, in adjudicating Defendant's summary judgment motion, the Court will not rely on any statements by Ball that were not based on his personal knowledge.[1]

---

[1] In support of the summary judgment motion, Defendant Singleton has not submitted his own affidavit or an affidavit from any other officers who have personal knowledge of the incident at issue. Ball's statements as to what happened are not admissible because Ball simply was not there when the alleged excessive force incident occurred. This leaves only the incident reports submitted by Defendant Singleton and the other officers to support Defendant's summary judgment motion. None of these individuals, however, has submitted an affidavit in support of summary judgment, and it is not clear at all to the Court that the incident reports will be admissible at trial in the absence of trial testimony from Defendant Singleton or other officers who have personal knowledge of the incident at issue. See Adams v. Bouchard, 591 F. Supp. 2d

B.  Analysis of Plaintiff's Excessive Force Claim

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. CONST. amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain," Whitley v. Albers, 475 U.S. 312, 319 (1986).  To establish an Eighth Amendment claim, an inmate must satisfy both an objective component–that the harm inflicted was sufficiently serious–and a subjective component–that the prison official acted with a sufficiently culpable state of mind.  Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996).   In adjudicating an excessive force claim, the court must consider such factors as the need for the use of force, the relationship between that need and the amount of force used, the extent of the injury inflicted, and whether the force was "applied in a good faith effort to maintain and restore discipline or maliciously and sadistically for the very purpose of causing harm."  Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973).  Furthermore, the Supreme Court has recently reiterated that "[a]n inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury."  Wilkins v. Gaddy, 559 U.S. 34, 1178-79 (2010) (per curiam).  In Wilkins v. Gaddy, the Supreme Court observed:

---

1191, 1204 (W.D. Okla. 2008) ("Critically absent from Defendants' summary judgment record is an affidavit or declaration made under penalty of perjury from either Defendant Bouchard or Defendant Schmidt.  The incident reports prepared by these officers would not be admissible at trial unless properly authenticated.  Moreover, the reports contain inadmissible hearsay.  While at the summary judgment stage evidence need not be submitted in a form that would be admissible at trial, "[n]onetheless, the content or substance of the evidence must be admissible."  Argo v. Blue Cross & Blue Shield of Kansas, Inc., 452 F.3d 1193, 1199 (10th Cir. 2006)); see also Bracey v. Herringa, 466 F.2d 702, 705 (7th Cir. 1972) ("We conclude that it was error for the district court to accept in support of the defendants' motion for summary judgment prison records which included the self-serving statements of the defendants themselves as well as statements of other prison guards who were subject to possible Civil Rights Act liability.").

> This is not to say that the "absence of serious injury" is irrelevant to the Eighth Amendment inquiry. "[T]he extent of injury suffered by an inmate is one factor that may suggest 'whether the use of force could plausibly have been thought necessary' in a particular situation." The extent of injury may also provide some indication of the amount of force applied. As we stated in Hudson, not "every malevolent touch by a prison guard gives rise to a federal cause of action." "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." An inmate who complains of a "push or shove" that causes no discernible injury almost certainly fails to state a valid excessive force claim.
>
> Injury and force, however, are only imperfectly correlated, and it is the latter that ultimately counts.

Id. at 37-38 (internal citations omitted).

The Court finds that Plaintiff has raised a genuine issue of material fact as to whether excessive force was used against him. That is, there are issues of disputed facts that preclude summary judgment. Primarily, the parties dispute whether Plaintiff lunged at Defendant Singleton just before Defendant Singleton sprayed Plaintiff with the pepper spray. If Plaintiff was lunging at Defendant Singleton and, thus, acting in a threatening manner towards Singleton just before Singleton used the pepper spray, then Singleton's use of pepper spray may well have been justified as a good faith effort to maintain and restore discipline. Plaintiff contends, however, that while he was handcuffed and was not resisting at all, in response to his statement to Defendant Singleton to "Spray me mother fucker and I'll have your job," Officer sprayed over half a can of pepper spray into Plaintiff's face out of sheer malice. It is undisputed that Plaintiff suffered minor injuries, but Plaintiff has submitted evidence on summary judgment that he did at least suffer minor injuries. A correctional officer uses excessive force if he approaches a prisoner and, without any provocation by the prisoner aside from verbal taunts, sprays pepper spray into the prisoner's face. Boone v. Stallings, 583 Fed. Appx. 174, 176 (4th Cir. 2014)

9

(vacating and remanding the district court's grant of summary judgment, finding that there was a genuine issue of fact as to whether a correctional officer deployed pepper spray on a state prisoner before or after handcuffing him and whether the prisoner assaulted an officer and a nurse before the incident, thus precluding summary judgment in the officer's favor; stating that "[o]ur precedent establishes that the use of pepper spray on a docile prisoner could qualify as excessive force"); Iko v. Shreve, 535 F.3d 225, 239-40 (4th Cir. 2008) (finding genuine issue of material fact when prison guard deployed several bursts of pepper spray on allegedly docile prisoner); Williams v. Benjamin, 77 F.3d 756, 763 (4th Cir. 1996) (stating that "it is a violation of the Eighth Amendment for prison officials to use mace, tear gas, or other chemical agents, in quantities greater than necessary or for the sole purpose of infliction of pain") (internal quotation marks omitted).

In denying Defendant's summary judgment motion, this Court expresses no opinion as to what happened in the seconds preceding Defendant Singleton's use of pepper spray. In fact, the Court may not determine whether the events occurred as either party contends, and that is entirely the point in denying Defendant's summary judgment motion—determining the material, disputed facts is an issue for the jury. In sum, for the reasons stated herein, Plaintiff has raised a genuine issue of material fact as to whether Defendant Singleton used excessive force against him, and Defendant's summary judgment motion is therefore denied.

Finally, the Court notes that Defendant has alternatively raised the defense of qualified immunity in his summary judgment motion. In determining whether an officer is entitled to qualified immunity, the Court must accept the plaintiff's version of events as true. Iko v. Shreve, 535 F.3d at 230. Plaintiff contends that Defendant Singleton used pepper spray on Plaintiff

10

when Plaintiff was handcuffed and not threatening Defendant Singleton or any of the other officers. Here, it was clearly established when the alleged excessive force incident occurred that an officer's use of force by pepper spray against an inmate, absent any provocation by the inmate, constitutes excessive force. Grawey v. Drury, 567 F.3d 302, 310-11 (6th Cir. 2009) ("Pepper spray is . . . excessive force when a detainee has surrendered, is secured, is not acting violently and does not pose a threat to officers or anyone else."). Thus, the Court finds that Defendant is not entitled to qualified immunity on summary judgment.

In sum, for the reasons stated herein, Defendant's summary judgment motion is denied.[2]

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Defendant's Motion for Summary Judgment, (Doc. No. 68), is **DENIED**;

2. Plaintiff's Motion to Strike Mike Ball's Affidavit, (Doc. No. 72), is **DENIED** to the extent that the Court has not considered any inadmissible portions of Ball's affidavit in adjudicating this summary judgment motion.

3. Plaintiff's Motion to Proceed with a Jury Trial and Opposition to Dispositive Motion(s), (Doc. No. 74), shall be terminated by the Clerk because it is in substance not a justiciable motion, but it is, rather, a response to Defendant's Motion for Summary Judgment.

4. Defendant's Motion to Strike Plaintiff's Motion to Proceed with a Jury Trial and Miscellaneous Documents Filed by Plaintiff, (Doc. No. 76), is **DENIED**.

---

[2] The Court, therefore, will make inquiry into appointing counsel for Plaintiff at this stage in the proceedings.

Signed: August 18, 2015

Frank D. Whitney
Chief United States District Judge