UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:13-cv-00090-GCM

| | | |
|---|---|---|
| JONATHAN HENSLEE, | ) | **PROPOSED JURY INSTRUCTIONS BY** |
| | ) | **DEFENDANT SINGLETON** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FNU SINGLETON, | ) | |
| | ) | |
| Defendant. | ) | |

NOW COMES Defendant Singleton, through the undersigned counsel, and provides his

proposed jury instructions in advance of the scheduled March 27, 2017, jury trial in this matter:

| Instruction | Page |
|---|---|
| Preliminary Instructions - General Introduction | 3-4 |
| Order of Trial | 5 |
| Bench Conferences and Recesses | 6 |
| Final Instructions - General Introduction | 7 |
| Evidence in the Case | 8 |
| Evidence: Limitations | 9-10 |
| Inferences - Direct and Circumstantial | 11 |
| Discrepancies in Testimony | 12-13 |
| Impeachment | 14-15 |
| All Available Evidence Need Not Be Produced | 16 |
| Credibility of Witnesses | 17-18 |
| Impeachment by Witnesses' Inconsistent Statements | 19 |
| Evidences - Prior Acts | 20 |
| Evidence - Prior Assaults | 21 |
| Burden of Proof | 22 |
| Issues | 23 |
| Purpose of the Statute | 24 |
| Violation of Eighth Amendment | 25 |

| | |
|---|---|
| Color of Law | 26 |
| Individual Capacity | 27 |
| Excessive Force | 28-30 |
| Maliciously | 31 |
| Sadistically | 32 |
| Prison Environment | 33 |
| Extent of Injury | 34 |
| Causation of Damages | 35 |
| Negligence | 36 |
| Qualified Immunity | 37-38 |
| Reasonable Belief | 39 |
| Damages–Compensatory | 40-41 |
| Damages–Punitive | 42 |
| Damages – Physical Injury Limitation | 43 |
| Consider Damages Only if Necessary | 44 |
| Duty to Deliberate | 45 |
| Verdict Based on Facts Not Consequences | 46 |

## Preliminary Instructions – General Introduction

You have now been sworn as the jury to try this case. As the jury you will decide the disputed questions of fact.

As the Judge, I will decide all questions of law and procedure. From time to time during the trial and at the end of the trial, I will instruct you on the rules of law that you must follow in making your decision.

Soon, the lawyers for each of the parties will make what is called an opening statement. Opening statements are intended to assist you in understanding the evidence. What the lawyers say is not evidence.

After the opening statements, the Plaintiff will call witnesses and present evidence. Then, the Defendant will have an opportunity to call witnesses and present evidence. After all the evidence is completed, the lawyers will again address you to make final arguments. Then I will instruct you on the applicable law. You will then retire to deliberate on a verdict.

Keep an open mind during the trial. Do not decide any fact until you have heard all of the evidence, the closing arguments, and my instructions.

Pay close attention to the testimony and evidence. You will need to rely on your memories.

If you would like to take notes during the trial, you may do so. If you do take notes, be careful not to get so involved in note taking that you become distracted and miss part of the testimony. Your notes are to be used only as aids to your memory, and if your memory should later be different from your notes, you should rely on your memory and not on your notes. If you do not take notes, rely on your own independent memory of the testimony. Do not be unduly influenced by the notes of other jurors. A juror's notes are not entitled to any greater weight than

the-recollection of each juror concerning the testimony. Even though the court reporter is making stenographic notes of everything that is said, a typewritten copy of the testimony will not be available for your use during deliberations. On the other hand, any exhibits may be available to you during your deliberations.

Until this trial is over, do not discuss this case with anyone and do not permit anyone to discuss this case in your presence. Do not discuss the case even with the other jurors until all of the jurors are in the jury room actually deliberating at the end of the case. If anyone should attempt to discuss this case or to approach you concerning the case, you should inform the Court immediately. Hold yourself completely apart from the people involved in the case--the parties, the witnesses, the attorneys and persons associated with them. It is important not only that you be fair and impartial but that you also appear to be fair and impartial.

Do not make any independent investigation of any fact or matter in this case. You are to be guided solely by what you see and hear in this trial. Do not learn anything about the case from any other source.

During the trial, it may be necessary for me to confer with the lawyers out of your hearing or to conduct a part of the trial out of your presence. I will handle these matters as briefly and as conveniently for you as I can, but you should remember that they are a necessary part of any trial.

It is now time for the opening statements.

*5th Circuit Pattern Jury Instructions, 1.1 Preliminary Instructions. See also United States v. Nelson*, 102 F.3d 1344 (4th Cir. 1996), *cert. denied*, 520 U.S. 1203, 117 S.Ct. 1567, 137 L.Ed.2d 713 (1997) (asserting that the failure of a judge to instruct jury not to discuss case with themselves or anyone outside courtroom found to be plain error requiring the case to be reversed).

**Order of Trial**

The case will proceed as follows:

First, each side may make opening statements. What is said in the opening statements is not evidence, but is simply an outline to help you understand what each party expects the evidence to show. A party is not required to make an opening statement.

After the opening statements, Plaintiff will present evidence in support of Plaintiff's claims and the Defendant may cross-examine the witnesses. At the conclusion of the Plaintiff's case, the Defendant may introduce evidence and the Plaintiff's lawyers may cross-examine the witnesses. The Defendant is not required to introduce any evidence or to call any witnesses. If the Defendant introduces evidence, Plaintiff may then present rebuttal evidence.

After the evidence is presented, the parties' make closing arguments explaining what they believe the evidence has shown. What is said in the closing arguments is not evidence.

Finally, I will instruct you on the law that you are to apply in reaching your verdict. You will then decide the case.

O'Malley et al., *Federal Jury Practice and Instructions*: Civil, §101:02 (6th ed. 2011).

**Bench Conferences and Recesses**

At times during the trial it may be necessary for me to talk with the lawyers here at the bench out of your hearing, or by calling a recess. We meet because often during a trial something comes up that doesn't involve the jury.

*5th Circuit Pattern Instructions, 2.7 Bench Conferences and Recesses*

# Final Instructions

## General Introduction

Now that you have heard the evidence and the argument, it is my duty to instruct you about the applicable law. It is your duty to follow the law as I will state it and to apply it to the facts as you find them from the evidence in the case. Do not single out one instruction as stating the law, but consider the instructions as a whole. You are not to be concerned about the wisdom of any rule of law stated by me. You must follow and apply the law.

The lawyers h

ave properly referred to some of the governing rules of law in their arguments. If there is any difference between the law stated by the lawyers and as stated in these instructions, you are governed by my instructions.

Nothing I say in these instructions indicates that I have any opinion about the facts. You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, prejudice or public opinion. All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

O'Malley, et al., *Federal Jury Practice and Instructions*,§ 103.01 (5th ed. 2000).

**Evidence in the Case**

Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses regardless of who called the witness, all exhibits received in evidence regardless of who may have produced them, and all facts and events that may have been admitted or stipulated to.

Statements and arguments by the lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statement, closing arguments, and at other times is to help you interpret the evidence, but it is not evidence. However, when the lawyers on both sides stipulate or agree on the existence of a fact, you must, unless otherwise instructed, accept the stipulation and regard that fact as proved.

Any evidence to which I have sustained an objection and evidence that I have ordered stricken must be entirely disregarded.

O'Malley, et al., *Federal Jury Practice and Instructions*, §103.30 (5th ed. 2000).

## Evidence: Limitations

I have mentioned the word "evidence." "Evidence" includes the testimony of witnesses; documents and other things received as exhibits; any facts that have been stipulated—that is, formally agreed to by the parties; and any facts that have been judicially noticed—that is facts which I say you must accept as true.

Certain things are not evidence. I will list those things for you now:

1.    Statements, arguments, questions and comments by lawyers are not evidence.

2.    Exhibits that are identified by a party but not offered or received in evidence are not evidence.

3.    Objections are not evidence. Lawyers have a right and sometimes an obligation to object when they believe something is improper. You should not be influenced by the objection. If I sustain an objection to a question or an exhibit, you must ignore the question or the exhibit and must not try to guess what the information might have been.

4.    Testimony and exhibits that I strike from the record, or tell you to disregard, are not evidence and must not be considered

5.    Anything you see or hear about this case outside the courtroom is not evidence, unless I specifically tell you otherwise during the trial.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for one particular purpose, and not for any other purpose. I will tell you if that occurs, and instruct you on the purposes for which the item can and cannot be used.

You may have heard the terms "direct evidence" and "circumstantial evidence." You are instructed that you should not be concerned with those terms, since the law makes no distinction

between the weight to be given to direct and circumstantial evidence.

*Manual of Model Civil Jury Instructions for the District Courts of the Eighth Circuit,* Instruction No. 1.02 (2011).

**Inferences - Direct and Circumstantial Evidence**

While you should consider only the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. Inferences are simply deductions or conclusions which reason and common sense lead the jury to draw from the evidence received in the case. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

There are two types of evidence which are generally presented during a trial: direct evidence and circumstantial evidence. Direct evidence is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. Circumstantial evidence is proof of a chain of facts and circumstances indicating the existence of a fact. The law makes no distinction between the weight or value to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence. You should weigh all the evidence in the case.

*See Artis v. Satterwhite*, *et al.*, EDNC Case No. 5:11-CT-3263-FL, D.E. #113.

## Discrepancies in Testimony

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief. Consider each witness' intelligence, motive and state of mind, and demeanor or manner while testifying.

Consider the witness' ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters. Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses may or may not cause you to discredit such testimony. Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves. In short, you may accept or reject the testimony of any witness, in whole or in part.

In addition, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

O'Malley, et al., *Federal Jury Practice and Instructions*, §105.01 (5th ed. 2000).

## Impeachment

A witness may be discredited or impeached by contradictory evidence, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness' present testimony. If you believe any witness has been impeached and thus discredited, it is your exclusive province to give the testimony of that witness such credibility, if any, as you may think it deserves. If a witness is shown to have knowingly testified falsely concerning any material matter, you have a right to distrust such witness' testimony in other particulars and you may reject all the testimony of that witness or give it such credibility as you may think it deserves. An act or omission is "knowingly" done, if it is done voluntarily and intentionally, and not because of a mistake or accident or other innocent reason.

In considering whether a witness has been impeached and thus discredited, you may also consider a party's answers to interrogatories. Interrogatories are written questions posed by one side to the other side, which call for written answers under oath from the other side. Because the interrogatory answers are under oath, you are to consider them to be testimony of the party who signed them. A party is bound by its sworn interrogatory answers. Therefore, in considering whether a witness has been impeached, you may consider whether his testimony contradicts the party's interrogatory answers.

You are not required to accept testimony, even though the testimony is uncontradicted and the witness is not impeached. You may decide, because of the witness' bearing and demeanor, or because of the inherent improbability of his testimony, or for other reasons sufficient to you, that such testimony is not worthy of belief. Also, remember that the law does not require any party to call as witnesses all persons who may have been present at any time or

place involved in the case, or who may appear to have some knowledge of the matters in issue at

this trial. Nor does the law require any party to produce as exhibits all papers and things

mentioned in the evidence in the case.

O'Malley et al., *Federal Jury Practice and Instructions: Civil*, §§ 105:04, 104:72 (6th ed. 2011).

**All Available Evidence Need Not Be Produced**

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial.   Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

O'Malley, et al., *Federal Jury Practice and Instructions*, §105.11 (5th ed. 2000).

## Credibility of Witnesses

You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves.   You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence to the contrary of the testimony given.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief.   Consider each witness' intelligence, motive and state of mind, and demeanor or manner while on the stand.   Consider the witness' ability to observe the matters as to which he has testified, and whether he impresses you has having an accurate recollection of these matters. Consider also any relation each witness may bear to either side of the case; the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause the jury to discredit such testimony.   Two or more persons witnessing an incident or a transaction may see or hear it differently; and innocent misrecollection, like failure of recollection, is not an uncommon experience.   In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

In determining whether to believe any witness, you should use the same tests of truthfulness which you apply in your everyday lives.   These tests may include: the opportunity of the witness to see, hear, know, or remember the facts or occurrences about which the witness

testified; the manner and appearance of the witness; any interest, bias, or partiality the witness may have; the apparent understanding and fairness of the witness; whether the testimony of the witness is sensible and reasoanble; and whether the testimony of the witness is consistent with other believable evidence in the case.   (*This paragraph from N.C.P.I. Civil 101.15, Credibility of Witness*)

After making your own judgment, you will give the testimony of each witness such weight, if any, as you may think it deserves.

You may, in short, accept or reject the testimony or any witness in whole or in part.

O'Malley, et al., *Federal Jury Practice and Instructions*, §105.01 (5th ed. 2000); N.C.P.I. Civil §101.15.

## Impeachment by Witnesses' Inconsistent Statements

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely about some important fact, or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony he gave at the trial.

*5th Circuit Pattern Instruction 2.16*, Instruction Impeachment by Witnesses' Inconsistent Statements.

**Evidence - Prior Acts**

There has been evidence presented in this case regarding Plaintiff's disciplinary offenses, previous behaviors or acts. The Court instructs the Jury that it may consider Plaintiff's history of disciplinary offenses, behaviors, and acts as it relates to the state of mind and intent of the Defendant when interacting with Plaintiff.

*Thorne v. Jeffery*, 1995 U.S. App. Lexis 2844 (4th Cir. 1995); *Young v. Rabideau*, 821 F.2d 373 (7th Cir. 1987); *Williams v. Mensey*, 785 F.2d 631 (8th Cir. 1986); *Palmerin v. City of Riverside*, 794 F.2d 1409 (9th Cir. 1986); *Lewis v. District of Columbia*; 793 F.2d 361 (D.D.C. 1986).

**Evidence - Prior Assaults**

There has been evidence presented in this case regarding Plaintiff's past pattern of physical assaults on others. You may consider the past assaults committed by Plaintiff as it relates to the state of mind and intent of the Defendant when determining whether the response of and force used by the Defendant was reasonable.

Fed. R. Evid. 404(b)(2); *Thorne v. Jeffery*, 1995 U.S. App. Lexis 2844 (4th Cir. 1995); *United States v. Aramony*, 88 F. 3d 1369 (4th Cir. 1996).

**Burden of Proof**

The burden is on Plaintiff in a civil action, such as this, to prove every essential element of his claim by a preponderance of the evidence. If the proof should fail to establish any essential element of Plaintiff's claim by a preponderance of the evidence in this case, the jury should find for the Defendant as to that claim.

"Establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

O'Malley, et al., *Federal Jury Practice and Instructions*, §104.01 (5th ed. 2000).

## Issues

Your verdict will take the form of answers to certain questions or issues.

These issues are as follows: (*read issues – here left blank due to lack of final verdict form*)

I will discuss the issues one at a time and explain the law which you should consider as you deliberate upon your verdict.

*N.C.P.I. Civil* §101.60.

## Purpose of the Statute

Section 1983 of Title 42 of the United States Code, under which this action is brought,

provides that:

> any inhabitant of this judicial district may seek redress in this Court, by way of
>
> damages, against any person or persons who, under color of law, statute,
>
> ordinance, regulation, or custom, knowingly subject such inhabitant to the
>
> deprivation of any rights, privileges, or immunities, secured or protected by the
>
> Constitution or laws of the United States.

Section 1983 creates a federal remedy for persons who have been deprived by state

officials of rights, privileges, and immunities secured by the United States Constitution and

federal statutes.

*Gonzaga Univ. v. Doe*, 536 U.S. 273, 122 S. Ct. 2268 (2002); *Lugar v. Edmondson Oil Co.*, 457
U.S. 922, 102 S. Ct. 2744 (1982); *Imbler v. Pachtman*, 424 U.S. 409, 96 S. Ct. 984 (1976) ;
*Mitchum v. Foster*, 407 U.S. 225, 92 S. Ct. 2151 (1972); O'Malley, et al., *Federal Jury Practice
and Instructions*, § 166.1 (5th ed. 2000).

**Violation of Eighth Amendment**

Inmates are protected from cruel and unusual punishment under the Eighth Amendment of the United States Constitution. Subjecting an inmate to excessive force with a malicious and sadistic intent and not for a legitimate peneological purpose constitutes cruel and unusual punishment.

Plaintiff must prove, by a proponderance of the evidence, that the Defendant used force which was excessive and was used with a malicious and sadistic and without legitimate peneological purpose intent while he was an inmate under his supervision and control.

To show that he was subjected to cruel and unusual punishment, the Plaintiff must establish that the Defendant's actions were serious—more than trivial.

The Plaintiff must also prove that the Defendant's conduct actually caused him to suffer harm. This harm must be more than *de minimus*. Rather, the Defendant's conduct must have caused the Plaintiff to suffer actual pain, whether physically or psychologically. Simple emotional distress does not constitute "pain" within the meaning of the Eighth Amendment; the Plaintiff must establish actual mental or physical injury.

O'Malley et al., *Federal Jury Practice and Instructions* §§ 166.22 to .23 (5th ed. 2001); *Farmer v. Brennan*, 511 U.S. 825, 834, 836–40 (1994); *Wood v. Beauclair*, 692 F.3d 1041, 1050 (9th Cir. 2012); *Chapman v. Willis*, 2013 U.S. Dist. LEXIS 74694 (W.D. Va. May 28, 2013).

## Color of Law

The element of the plaintiff's claim that the conduct complained of was committed by the Defendant acting under color of state law is not at issue in this case. It is agreed that the Defendant was acting pursuant to authority given him by the state. The term "state" here also encompasses any political subdivision of the state of North Carolina.

*Fifth Circuit Pattern Jury Instructions*, *Civil*, 10.2 Under Color of Law. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 143 L. Ed. 2d 130 (1999) ; *Adickes v. S.H. Kress Co.*, 398 U.S. 144, 26 L. Ed. 2d 142 (1970) ; *Monroe v. Pape*, 365 U.S. 167, 81 S. Ct. 473, 5 L. Ed. 2d 492 (1961) ; *Screws v. United States*, 325 U.S. 91, 89 L. Ed. 1495 (1945) ; *United States v. Classic*, 313 U.S. 299, 85 L. Ed. 1368 (1941) ; *Hague v. C.I.O.*, 307 U.S. 496, 83 L. Ed. 1423 (1939) ; *Home Telephone & Telegraph Co. v. City of Los Angeles*, 227 U.S. 278, 57 L. Ed. 510 (1913) ; *Ex parte Virginia*, 100 U.S. 339, 25 L. Ed. 676 (1880) .

## Individual Capacity

In order to prevail on his § 1983 claim against the Defendant, the Plaintiff must prove each of the following elements by a preponderance of the evidence:

1.　　the Defendant acted under color of law; and

2.　　the act[s] of the Defendants deprived the Plaintiff of his particular rights under the United States Constitution as explained in later instructions.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation.

If you find the Plaintiff has proved each of these elements, and if you find that the Plaintiff has proved all the elements he is required to prove under these instructions, your verdict should be for the Plaintiff. If, on the other hand, the Plaintiff has failed to prove any one or more of these elements, your verdict should be for the Defendant.

*Adapted from the 9th Circuit Pattern Jury Instructions* 9.2 SECTION 1983 CLAIM AGAINST Defendant IN INDIVIDUAL CAPACITY—ELEMENTS AND BURDEN OF PROOF)

**Excessive Force**

Plaintiff is also required to prove by a preponderance of the evidence that the Defendant actually committed a wrongful act with the requisite "state of mind." Plaintiff alleges that the Defendant committed a wrongful act by using excessive force on him on October 27, 2011. (adapted from *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)). Inmates are protected from cruel and unusual punishment under the Eighth Amendment of the United States Constitution. Plaintiff claims that the Defendant, by using excessive and unnecessary force against him, violated his Eighth Amendment constitutional rights.

In order to prove a violation under the Eighth Amendment, Plaintiff must show that the Defendant unnecessarily and wantonly inflicted pain on him. Whether a use of force against a prison inmate is unnecessary or wanton depends on whether force was applied in good faith effort to maintain or restore discipline, or whether it was done maliciously or sadistically to cause harm. In order to prevail, Plaintiff has to prove not only that the assault actually occurred but also that it was carried out "maliciously and sadistically" rather than as part of "a good-faith effort to maintain or restore discipline."

Traditionally, federal courts have adopted a hands-off attitude toward problems of prison administration. Prison administrators are responsible for maintaining internal order and discipline, for securing their institutions against unauthorized access or escape, and for rehabilitating, to the extent that human nature and inadequate resources allow, the inmates placed in their custody. The tremendous obstacles to effective discharge of these duties are obvious. The problems of prisons in the United States are not readily solvable by judicial orders. Most prison problems require expertise, comprehensive planning, and the commitment of resources. For all of those reasons, courts are ill equipped to deal with the problems of prison

administration.   Moreover, where state penal institutions are involved, federal courts have a further reason for deference to prison authorities.   *Procunier v. Martinez*, 416 U.S. 396 (1976). That deference extends to a prison security measure taken in response to an actual confrontation with an inmate.   It does not insulate from judicial review actions taken in bad faith and for no legitimate purpose, but it requires that neither judge nor jury freely substitute their judgment for that of officials who have made a considered choice.   *Whitley v. Albers*, 475 U.S. 312 (1986).

Therefore, in order to prove a violation under the Eighth Amendment, Plaintiff must prove all of the following elements by a preponderance of the evidence:

First:   That the Defendant was acting under color of state law.

Second:   That the Defendant used force against him maliciously and sadistically, for the very purpose of causing him harm;

Third:  That the nature of the force was more than trivial;

Fourth:   That Plaintiff suffered injuries as a result of the use of malicious and sadistic force by the Defendant;

There is no dispute in this case that the Defendant was acting under color of state law. However, If Plaintiff **fails to prove** either that the Defendant used force against him maliciously and sadistically, for the very purpose of causing him harm; **or** that the nature of the force was more than trivial; **or** that he suffered injuries as a result of the malicious and sadistic force, you **must** find for the Defendant.

The first element, whether the Defendant used force maliciously and sadistically for the purpose of causing Plaintiff harm, is to be evaluated by a subjective analysis of the Defendant's state of mind at the time.   In deciding whether this element has been proved, you must give prison officials wide ranging deference in the adoption and execution of practices that in their

judgment are needed to preserve internal order and discipline and to maintain internal security in the prison.

Some of the things you may want to consider in determining whether the prison officials unnecessarily and wantonly inflicted pain on the Plaintiff include:

1.  The extent of the injury suffered.

2.  The need for application of force.

3.  The relationship between the need and the amount of force used.

4.  The threat reasonably perceived by the Defendant, and

5.  Any efforts made to temper the severity of a forceful response.

The threat reasonably perceived by the Defendant can properly include Defendants' knowledge of Plaintiff's prior criminal and disciplinary history of which they are aware that shows prior acts of assault against staff, disobeying orders, or actions that you determine would tend to lead the Defendant to "reasonably perceive" a threat posed by Plaintiff.

*166.23 O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, Section 11.03* (5th ed. 2000); *Wilson v. Seiter*, 501 U.S. 294, 297 (1991); *Whitley v. Albers*, 475 U.S. 312, 319 (1986); *Wilkins v. Gaddy*, 559 U.S. 34, 175 L. Ed.2d 995, 1001 (2010); *Tedder v. Johnson*, 527 Fed. Appx. 269 (4th Cir. 2013); *5th Circuit Pattern Jury Instructions 10.5 Eight Amendment Excessive Force).*

**Maliciously**

"Maliciously" means intentionally injuring another without just cause or reason.   To act "maliciously" means intentionally to do a wrongful act without just cause or excuse, with an intent to inflict injury or under circumstances that show evil intent.

*166.31 O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, Section 11.03* (5th ed. 2000)**.**

**Sadistically**

"Sadistically" means engaging in extreme or excessive cruelty or delighting in cruelty.

*166.33 O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, Section 11.03* (5th ed. 2000)**.**

## Prison Environment

It is important that in your deliberation you be aware that this action arises in a prison institution. In view of the unique nature of the prison environment, prison officials, such as the Defendant, are given broad discretion in the execution of policies and procedures that, in their judgment, are needed to maintain the internal security, order, and discipline in the prison, and broad deference must be given to their management decisions. By its very nature, the operation of a prison is a dangerous task. The reasonableness of the actions of the Defendant, therefore, must be determined against the backdrop of the prison environment.

*Stanley v. Hejirika*, 134 F.3d 629, 634 (4th Cir. 1998); *Whitley v. Albers*, 475 U.S. 312, 320-22 (1986).

**Extent of Injury**

The extent of injury to the Plaintiff may be considered by you as providing some indication of the amount of force applied.

*Wilkins v. Gaddy*, 130 S.Ct. 1175, 1178 (2010).

**Causation of Damages**

Even if Plaintiff proves either that there was an assault by the Defendant, I have said that you may award damages only for those injuries which you find the Plaintiff has proven, by a preponderance of evidence, to have been the proximate result of conduct by the Defendant in violation of Section 1983.

An injury or damage is proximately caused by an act, or a failure to act, whenever it appears from the evidence in the case that the act or omission played a substantial part in bringing about or actually causing the injury or damage, and that the injury or damage was either a direct result or a reasonably probable consequence of the act or omission. Injury that occurs but that you determine is not caused by an act or omission by the Defendant is not injury that Plaintiff can be compensated for as it was not proximately caused by the Defendant's acts or omissions.

Plaintiff alone has the burden of proving each and every element of Plaintiff's claim by a preponderance of the evidence. If you find Plaintiff has not proved any of the elements by a preponderance of the evidence, you **must** return a verdict for the Defendant.

O'Malley, et al., *Federal Jury Practice and Instructions*, §106.50 (5th ed. 2000) ; *Blue v. Bigos*, 1996 U.S. App. LEXIS 13574 (4th Cir. 1996).

**Negligence**

If you find that Plaintiff suffered harm resulting form negligence (carelessness or inattentiveness) of the Defendant, that does not entitle Plaintiff to recover. The purported negligence of the Defendant, without more, does not constitute a basis for recovery int his case by Plaintiff.

Neither accident, mistake, negligence nor gross negligence amounts to a constitutional violation. Therefore, if you find that the Defendant's conduct occurred as a result of an accident, a mistake, negligence or gross negligence, you must find in favor of the Defendant.

*David v. Cannon*, 474 U.S. 344 (1986).

## Qualified Immunity

At the time of the incidents giving rise to this lawsuit, it was clearly established law that use of excessive force, maliciously and sadistically, for the purpose of causing harm to an inmate violated the Eighth Amendment. However, even if you find that the Defendant violated the Eighth Amendment, he still may not be liable to the Plaintiff. This is because the Defendant may be entitled to what is called "qualified immunity." If you find that he is entitled to such immunity, you must find him not liable.

The Defendant is entitled to qualified immunity if, at the time they violated the Eighth Amendment, he neither knew nor reasonably should have known that his actions violated federal law. Please note that the fact that the Defendant was unaware of the law I described above is not sufficient by itself to give him this qualified immunity. In addition, he must show that a reasonably competent officer in his position would not have known of this law either.

In deciding what a reasonably competent officer would have known about the legality of the Defendant's conduct, you may consider the nature of their official duties, the character of their official position, the information that was or was not known to the individual Defendant, and the events that confronted the Defendant.

The Defendant has the burden of proving that he neither knew nor should have known that his actions violated federal law. If he convince you by a preponderance of the evidence that they neither knew nor should have known that their actions violated federal law, then you must return a verdict for the Defendant, even though you may have otherwise found that the Defendant in fact violated the Plaintiff's rights under color of state law.

*Ashcroft v. Al-Kidd*, ___ U.S. ___, 131 S. Ct. 2074, 179 L. Ed. 2d 1149 (2011); *Pearson v. Callahan*, 555 U.S. 223, 172 L. Ed. 2d 565 (2009); *Brosseau v. Haugen*, 543 U.S. 194, 160 L. Ed. 2d 583 (2004); *Groh v. Ramirez*, 124 S. Ct. 1284, 157 L. Ed. 2d 1068 (2004); *United States v. Banks*, 540 U.S. 31, 157 L. Ed. 2d 343 (2003); *Saucier v. Katz*, 533 U.S. 194, 150 L. Ed. 2d

272 (2001); *Hope v. Pelzer*, 536 U.S. 730, 153 L. Ed. 2d 666 (2002); *Richardson v. McKnight*, 521 U.S. 399, 138 L. Ed. 2d 540 (1997); *Anderson v. Creighton*, 483 U.S. 635, 97 L. Ed. 2d 523 (1987); *Malley v. Briggs*, 475 U.S. 335, 89 L. Ed. 2d 271 (1986); *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S. Ct. 2727 (1982).

**Reasonable Belief**

If the Defendant reasonably believed he was acting within the scope of his authority, and

acted in good faith on the basis of this belief, then the Defendant cannot be held personally liable

to the Plaintiff. The appropriate inquiry is whether the actions of the Defendant were objectively

reasonable in light of the facts and circumstances confronting them.

You should take into account that there may be more than one reasonable interpretation of the facts confronting the Defendant and more than one reasonable response. Unless you find from all the facts and circumstances as they appeared to the Defendant at the scene that no reasonable officer would have done what they did, then you should find for the Defendant.

*Based* on Vol. 3, Devitt, Blackmar, and Wolff, *Federal Jury Practice and Instructions*, Civil, 4th edition, §103.09 (citing *Bailey v. Turner*, 736 F.2d 963, 972 (4th Cir. 1984) (allowing prison officer's submission of good faith defense to jury in civil rights action brought by prisoner to recover damages for cruel and unusual punishment)).

**Damages -- Compensatory**

If you find that the Defendant is liable to Plaintiff, then you must determine an amount that is fair compensation for all of Plaintiff's damages.   These damages are called compensatory damages.   The purpose of comepnstaory damages is to make Plaintiff whole–that is, to compensate Plaintiff for the damage that he suffered.    Compensatory damages are not limited to expenses that Plaintiff may have incurred because of his injury.   If Plaintiff wins, he is entitled to compensatory damages for the physical injury, pain and suffering, and mental anguish that he has suffered because of the Defendant's wrongful conduct.

You may award compensatory damages only for injuries that Plaintiff proves were proximately caused by the Defendant's allegedly wrongful conduct.   The damages that you award must be fair compensation for all of Plaintiff's damages, no more and no less.   Damages are not allowed as a punishment and cannot be imposed or increased to penalize the Defendant. You should not award compensatory damages for speculative injuries, but only for those injures that Plaintiff has actually suffered or that Plaintiff is reasonably likely to suffer in the future, if any.

If you decide to award compensatory damages, you should be guided by dispassionate common sense.   Computing damages may be difficult but you must not let that difficulty lead you to engage in arbitrary guesswork.   On the other hand, the law does not require that Plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

*5th Circuit Patter Instructions* 15.2 Compensatory (2014)

If you find in favor of Plaintiff against the Defendant then you must award the Plaintiff such sum as you find from the preponderance of the evidence will fairly and justly compensate

the Plaintiff for any damages you find he sustained as a direct result of the harm alleged in the Plaintiff's complaint. You should consider the following elements of damages:

1. The physical pain and suffering the Plaintiff has experienced; the nature and extent of the injury, whether the injury is temporary or permanent;

2. The reasonable value of the medical care and supplies reasonably needed by and actually provided to the Plaintiff.

Throughout your deliberations you must not engage in any speculation, guess or conjecture and you must not award any damages under this instruction by way of punishment or through sympathy.

O'Malley, et al., *Federal Jury Practice and Instructions*, §166.60 (5th ed. 2000).

**Damages – Punitive**

If you find that the Defendant is liable for the Plaintiff's injuries, you must award the Plaintiff the compensatory damages that he has proven. You also may award punitive damages, if the Plaintiff has proved that the Defendant acted with malice or willfulness or with callous and reckless indifference to the safety or rights of others. One acts willfully or with reckless indifference to the rights of others when he acts in disregard of a high and excessive degree of danger about which he knows or which would be apparent to a reasonable person in his condition.

If you determine that the Defendant's conduct was so shocking and offensive as to justify an award of punitive damages, you may exercise your discretion to award those damages. In making any award of punitive damages, you should consider that the purpose of punitive damages is to punish a Defendant for shocking conduct, and to deter the Defendant and others from engaging in similar conduct in the future. The law does not require you to award punitive damages, however, if you decide to award punitive damages, you must use sound reason in setting the amount of the damages. The amount of an award of punitive damages must not reflect bias, prejudice, or sympathy toward any party. It should be presumed a Plaintiff has been made whole by compensatory damages, so punitive damages should be awarded only if the Defendant's misconduct, after having paid compensatory damages, is so reprehensible as to warrant the imposition of further sanctions to achieve punishment or deterrence. You may consider the financial resources of the Defendant in fixing the amount of punitive damages.

*5th Circuit Pattern Instructions*, 15.13 Punitive Damages

### Damages -- Physical Injury Limitation

Plaintiff has brought this action pursuant to the Prisoner Litigation Reform Act ("PLRA"), which provides in part:

(e) Limitation on recovery. No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act.

42 U.S.C. 1997e(e)

This means that if you find that the Defendant is liable to Plaintiff, in order to award Plaintiff an amount of compensatory damages, you must find that Plaintiff suffered a physical injury.   Further, if making such an award, you must determine that Plaintiff suffered a more than any minimal physical injury prior to awarding him any compensatory damages for any mental or emotional injury.

42 U.S.C. 1997e(e); *11th Circuit Pattern Jury Instructions* (Civil), 2.3.1 Civil Rights, 42 USC § 1983 Claims, Eighth Amendment Claim, Convicted Prisoner Alleging Excessive Force.

**Consider Damages Only if Necessary**

If the Plaintiff has proven his claim against the Defendant by a preponderance of the evidence, you must determine the damages to which the Plaintiff is entitled. You should not interpret the fact that I have given instructions about the Plaintiff's damages as an indication in any way that I believe that the Plaintiff should, or should not, win this case. It is your task first to decide whether the Defendant is liable. I am instructing you on damages only so that you will have guidance in the event you decide that the Defendant is liable and that the Plaintiff is entitled to recover money from the Defendant.

*5th Circuit Pattern Jury Instructions*, 15.1 Consider Damages Only if Necessary

**Duty to Deliberate**

The verdict must represent the considered judgment of each of you.   In order to return a verdict, it is necessary that each juror agree.   Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without disregard of individual judgment.   You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors.   In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous.   But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans.   You are judges, judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

O'Malley, et al., *Federal Jury Practice and Instructions*, §106.01 (5th ed. 2000).

**Verdict Based on Facts, Not Consequences**

You should not be swayed by pity, sympathy, partiality or public opinion.   You must not consider the effect of a verdict on the Plaintiff or Defendants, or concern yourself as to whether it pleases the Court.   Both the Plaintiff and the Defendant expect that you will carefully and failure consider all the evidence in the case, follow the law as given to you by the Court and reach a just verdict, regardless of the consequences.

*N.C.P.I. Civil* §150.12.

Respectfully submitted this 27th day of February, 2017.

JOSH STEIN
Attorney General


/s/ Kimberly D. Grande
Kimberly D. Grande
Assistant Attorney General
N.C. State Bar No. 40708
N.C. Department of Justice
P.O. Box 629
Raleigh, North Carolina   27602
Phone:   (919) 716-6500
Fax:   (919) 716-6761
kgrande@ncdoj.gov

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this day I electronically filed the **PROPOSED JURY**

**INSTRUCTIONS BY DEFENDANT SINGLETON** with the Clerk of the Court using the

CM/ECF system which will send notification of such filing to the following:

Joshua Davis Lanning and Kimberly Cochran
Moore & Van Allen PLLC
100 North Tryon Street, Suite 4700
Charlotte, NC 28202
704-331-3647
Fax: 704-409-5620
*Attorneys for Plaintiff*

This the 27th day of February, 2017.

/s/ Kimberly D. Grande
Kimberly D. Grande
Assistant Attorney General
N.C. State Bar No. 40708
N.C. Department of Justice
P.O. Box 629
Raleigh, NC 27601-0629
Telephone: (919) 716-6500
Facsimile: (919) 716-6761
E-mail: kgrande@ncdoj.gov