UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:13-cv-00090-GCM

| | | |
|---|---|---|
| JONATHAN HENSLEE, | ) | **PLAINTIFF'S PROPOSED JURY** |
| | ) | **INSTRUCTIONS** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FNU SINGLETON, | ) | |
| | ) | |
| Defendant. | ) | |

NOW COMES Plaintiff Jonathan Henslee, through the undersigned counsel, and

provides his proposed jury instructions in advance of the scheduled March 27, 2017, jury trial in

this matter.   The following jury instructions are expected to mirror those submitted by Defendant

FNU Singleton: 1, 3, 4, 5, 6, 7, 8 (part), 10, 11, 18, and 22.

| Instruction | Page |
|---|---|
| 1. Preliminary Instructions - General Introduction | 3-4 |
| 2. All Persons Equal Before the Law | 5 |
| 3. Order of Trial | 6 |
| 4. Final Instructions - General Introduction | 7 |
| 5. Evidence in the Case | 8 |
| 6. Evidence – Limitations | 9-10 |
| 7. Discrepancies in Testimony | 11-12 |
| 8. Impeachment – Inconsistent Statement or Conduct | 13 |
| 9. Impeachment – Conviction of Crime | 14 |
| 10. All Available Evidence Need Not Be Produced | 15 |
| 11. Credibility of Witnesses | 16-17 |
| 12. Section 1983 – Introduction Instruction | 18 |
| 13. Section 1983 – Burden of Proof | 19 |
| 14. Section 1983 – Elements of Claim | 20 |
| 15. Section 1983 – Action under Color of State Law | 21 |

| 16. Section 1983 – Deprivation of a Federal Right | 22 |
|---|---|
| 17. Section 1983 – Excessive Force – Convicted Prisoner | 23-24 |
| 18. Maliciously | 25 |
| 19. Section 1983 – Damages – Compensatory | 26 |
| 20. Section 1983 – Damages – Punitive | 27-28 |
| 21. Section 1983 – Damages – Nominal | 29 |
| 22. Duty to Deliberate | 30 |

## Preliminary Instructions – General Introduction

You have now been sworn as the jury to try this case. As the jury you will decide the disputed questions of fact.

As the Judge, I will decide all questions of law and procedure. From time to time during the trial and at the end of the trial, I will instruct you on the rules of law that you must follow in making your decision.

Soon, the lawyers for each of the parties will make what is called an opening statement. Opening statements are intended to assist you in understanding the evidence. What the lawyers say is not evidence.

After the opening statements, the Plaintiff will call witnesses and present evidence. Then, the Defendant will have an opportunity to call witnesses and present evidence. After all the evidence is completed, the lawyers will again address you to make final arguments. Then I will instruct you on the applicable law. You will then retire to deliberate on a verdict.

Keep an open mind during the trial. Do not decide any fact until you have heard all of the evidence, the closing arguments, and my instructions.

Pay close attention to the testimony and evidence. You will need to rely on your memories.

If you would like to take notes during the trial, you may do so. If you do take notes, be careful not to get so involved in note taking that you become distracted and miss part of the testimony. Your notes are to be used only as aids to your memory, and if your memory should later be different from your notes, you should rely on your memory and not on your notes. If you do not take notes, rely on your own independent memory of the testimony. Do not be unduly influenced by the notes of other jurors. A juror's notes are not entitled to any greater weight than

3

the-recollection of each juror concerning the testimony. Even though the court reporter is making stenographic notes of everything that is said, a typewritten copy of the testimony will not be available for your use during deliberations. On the other hand, any exhibits may be available to you during your deliberations.

Until this trial is over, do not discuss this case with anyone and do not permit anyone to discuss this case in your presence. Do not discuss the case even with the other jurors until all of the jurors are in the jury room actually deliberating at the end of the case. If anyone should attempt to discuss this case or to approach you concerning the case, you should inform the Court immediately. Hold yourself completely apart from the people involved in the case--the parties, the witnesses, the attorneys and persons associated with them. It is important not only that you be fair and impartial but that you also appear to be fair and impartial.

Do not make any independent investigation of any fact or matter in this case. You are to be guided solely by what you see and hear in this trial. Do not learn anything about the case from any other source.

During the trial, it may be necessary for me to confer with the lawyers out of your hearing or to conduct a part of the trial out of your presence. I will handle these matters as briefly and as conveniently for you as I can, but you should remember that they are a necessary part of any trial.

It is now time for the opening statements.

*5th Circuit Pattern Jury Instructions, 1.1 Preliminary Instructions. See also United States v. Nelson*, 102 F.3d 1344 (4th Cir. 1996), *cert. denied*, 520 U.S. 1203, 117 S.Ct. 1567, 137 L.Ed.2d 713 (1997) (asserting that the failure of a judge to instruct jury not to discuss case with themselves or anyone outside courtroom found to be plain error requiring the case to be reversed).

4

**All Persons Equal Before the Law**

This case should be considered and decided by you as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. All persons, stand equal before the law, and are to be treated as equals.

O'Malley et al., *Federal Jury Practice and Instructions*: Civil, § 103.11 (6th ed. 2011).

**Order of Trial**

The case will proceed as follows:

First, each side may make opening statements. What is said in the opening statements is not evidence, but is simply an outline to help you understand what each party expects the evidence to show. A party is not required to make an opening statement.

After the opening statements, Plaintiff will present evidence in support of Plaintiff's claims and the Defendant may cross-examine the witnesses. At the conclusion of the Plaintiff's case, the Defendant may introduce evidence and the Plaintiff's lawyers may cross-examine the witnesses. The Defendant is not required to introduce any evidence or to call any witnesses. If the Defendant introduces evidence, Plaintiff may then present rebuttal evidence.

After the evidence is presented, the parties' make closing arguments explaining what they believe the evidence has shown. What is said in the closing arguments is not evidence.

Finally, I will instruct you on the law that you are to apply in reaching your verdict. You will then decide the case.

O'Malley et al., *Federal Jury Practice and Instructions*: Civil, §101:02 (6th ed. 2011).

## Final Instructions – General Introduction

Now that you have heard the evidence and the argument, it is my duty to instruct you about the applicable law. It is your duty to follow the law as I will state it and to apply it to the facts as you find them from the evidence in the case. Do not single out one instruction as stating the law, but consider the instructions as a whole. You are not to be concerned about the wisdom of any rule of law stated by me. You must follow and apply the law.

The lawyers have properly referred to some of the governing rules of law in their arguments. If there is any difference between the law stated by the lawyers and as stated in these instructions, you are governed by my instructions.

Nothing I say in these instructions indicates that I have any opinion about the facts. You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, prejudice or public opinion. All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

O'Malley, et al., *Federal Jury Practice and Instructions,*§ 103.01 (5th ed. 2000).

7

**Evidence in the Case**

Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses regardless of who called the witness, all exhibits received in evidence regardless of who may have produced them, and all facts and events that may have been admitted or stipulated to.

Statements and arguments by the lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statement, closing arguments, and at other times is to help you interpret the evidence, but it is not evidence. However, when the lawyers on both sides stipulate or agree on the existence of a fact, you must, unless otherwise instructed, accept the stipulation and regard that fact as proved.

Any evidence to which I have sustained an objection and evidence that I have ordered stricken must be entirely disregarded.

O'Malley, et al., *Federal Jury Practice and Instructions*, §103.30 (5th ed. 2000).

**Evidence – Limitations**

I have mentioned the word "evidence." "Evidence" includes the testimony of witnesses; documents and other things received as exhibits; any facts that have been stipulated—that is, formally agreed to by the parties; and any facts that have been judicially noticed—that is facts which I say you must accept as true.

Certain things are not evidence. I will list those things for you now:

1.     Statements, arguments, questions and comments by lawyers are not evidence.

2.     Exhibits that are identified by a party but not offered or received in evidence are not evidence.

3.     Objections are not evidence. Lawyers have a right and sometimes an obligation to object when they believe something is improper. You should not be influenced by the objection. If I sustain an objection to a question or an exhibit, you must ignore the question or the exhibit and must not try to guess what the information might have been.

4.     Testimony and exhibits that I strike from the record, or tell you to disregard, are not evidence and must not be considered.

5.     Anything you see or hear about this case outside the courtroom is not evidence, unless I specifically tell you otherwise during the trial.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for one particular purpose, and not for any other purpose. I will tell you if that occurs, and instruct you on the purposes for which the item can and cannot be used.

You may have heard the terms "direct evidence" and "circumstantial evidence." You are instructed that you should not be concerned with those terms, since the law makes no distinction

9

between the weight to be given to direct and circumstantial evidence.

*Manual of Model Civil Jury Instructions for the District Courts of the Eighth Circuit,* Instruction No. 1.02 (2011).

**Discrepancies in Testimony**

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves.   You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief.   Consider each witness' intelligence, motive and state of mind, and demeanor or manner while testifying.

Consider the witness' ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters. Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses may or may not cause you to discredit such testimony.   Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves.   In short, you may accept or reject the testimony of any witness, in whole or in part.

11

In addition, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

O'Malley, et al., *Federal Jury Practice and Instructions*, §105.01 (5th ed. 2000).

Case 1:13-cv-00090-GCM   Document 101   Filed 02/27/17   Page 12 of 31

## Impeachment – Inconsistent Statement or Conduct

A witness may be discredited or impeached by contradictory evidence, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness' present testimony. If you believe any witness has been impeached and thus discredited, it is your exclusive province to give the testimony of that witness such credibility, if any, as you may think it deserves. If a witness is shown to have knowingly testified falsely concerning any material matter, you have a right to distrust such witness' testimony in other particulars and you may reject all the testimony of that witness or give it such credibility as you may think it deserves. An act or omission is "knowingly" done, if it is done voluntarily and intentionally, and not because of a mistake or accident or other innocent reason.

You are not required to accept testimony, even though the testimony is uncontradicted and the witness is not impeached. You may decide, because of the witness' bearing and demeanor, or because of the inherent improbability of his testimony, or for other reasons sufficient to you, that such testimony is not worthy of belief. Also, remember that the law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

O'Malley et al., *Federal Jury Practice and Instructions: Civil*, §§ 105:04, 104:72 (6th ed. 2011).

13

## Impeachment – Conviction of Crime

You have heard evidence that Henslee was convicted of crimes. You may consider evidence of a witness' prior conviction of a crime only as it may affect the credibility of that witness. Such a conviction does not necessarily destroy the witness' credibility, but it is one of the circumstances you may take into account in determining the weight to give to his testimony.

O'Malley, et al., *Federal Jury Practice and Instructions*, § 102.44 (6th ed. 2011); Fifth Circuit Pattern Jury Instructions (Civil Cases), Instruction No. 2.17.

14

## All Available Evidence Need Not Be Produced

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial.   Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

O'Malley, et al., *Federal Jury Practice and Instructions*, §105.11 (5th ed. 2000).

<center>**Credibility of Witnesses**</center>

You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence to the contrary of the testimony given.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief. Consider each witness' intelligence, motive and state of mind, and demeanor or manner while on the stand. Consider the witness' ability to observe the matters as to which he has testified, and whether he impresses you has having an accurate recollection of these matters. Consider also any relation each witness may bear to either side of the case; the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause the jury to discredit such testimony. Two or more persons witnessing an incident or a transaction may see or hear it differently; and innocent misrecollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

In determining whether to believe any witness, you should use the same tests of truthfulness which you apply in your everyday lives. These tests may include: the opportunity of the witness to see, hear, know, or remember the facts or occurrences about which the witness

<center>16</center>

testified; the manner and appearance of the witness; any interest, bias, or partiality the witness may have; the apparent understanding and fairness of the witness; whether the testimony of the witness is sensible and reasoanble; and whether the testimony of the witness is consistent with other believable evidence in the case. (*This paragraph from N.C.P.I. Civil 101.15, Credibility of Witness*)

After making your own judgment, you will give the testimony of each witness such weight, if any, as you may think it deserves.

You may, in short, accept or reject the testimony or any witness in whole or in part.

O'Malley, et al., *Federal Jury Practice and Instructions*, §105.01 (5th ed. 2000); N.C.P.I. Civil §101.15.

## Section 1983 – Introduction Instruction

Henslee is suing under Section 1983, a civil rights law passed by Congress that provides a remedy to persons who have been deprived of their federal constitutional rights under color of state law.

Third Circuit Pattern Jury Instructions (Civil Cases), 4.1 (2016).

Case 1:13-cv-00090-GCM   Document 101   Filed 02/27/17   Page 18 of 31

**Section 1983 – Burden of Proof**

This is a civil case.   Henslee is the party who brought this lawsuit.   Singleton is the party against whom the lawsuit was filed.   Henslee has the burden of proving his case by what is called preponderance of the evidence.   That means Henslee has to prove to you, in light of all of the evidence, that what he claims is more likely so than not so.   To say it differently: if you were to put the evidence favorable to Henslee and the evidence favorable to Singleton on opposite sides of the scales, Henslee would have to make the scales tip somewhat on his side.   If Henslee fails to meet this burden, the verdict must be for Singleton.   If you find after considering all the evidence that a claim or fact is more likely so than not so, then the claim or fact has been proved by a preponderance of the evidence.

In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

You may have heard of the term "proof beyond a reasonable doubt."   That is a stricter standard of proof and it applies only to criminal cases.   It does not apply in civil cases such as this.   So you should put it out of your mind.

Third Circuit Pattern Jury Instructions (Civil Cases), 4.2 (2016).

**Section 1983 – Elements of Claim**

Henslee must prove both of the following elements by a preponderance of the evidence:

First:          Singleton acted under color of state law.

Second:          While acting under color of state law, Singleton deprived Henslee of a federal

constitutional right.

I will now give you more details on action under color of state law, after which I will tell

you the elements Henslee must prove to establish the violation of his federal constitutional right.

Third Circuit Pattern Jury Instructions (Civil Cases), 4.3 (2016).

**Section 1983 – Action under Color of State Law**

Because Singleton was an official of the state of North Carolina at the relevant time, I instruct you that he was acting under color of state law.   In other words, this element of Henslee's claim is not in dispute, and you must find that this element has been established.

Third Circuit Pattern Jury Instructions (Civil Cases), 4.4 (2016).

Case 1:13-cv-00090-GCM   Document 101   Filed 02/27/17   Page 21 of 31

**Section 1983 – Deprivation of a Federal Right**

The second element of Henslee's claim is that Singleton deprived him of a federal constitutional right.

Third Circuit Pattern Jury Instructions (Civil Cases), 4.5 (2016).

**Section 1983 – Excessive Force – Convicted Prisoner**

The Eighth Amendment to the United States Constitution, which prohibits cruel and unusual punishment, protects convicted prisoners from malicious and sadistic uses of physical force by prison officials.

In this case, Henslee claims that Singleton used excessive and unnecessary force against him by pepper spraying him in the face, thereby violating Henslee's Eighth Amendment constitutional rights.

In order to establish his claim for violation of the Eighth Amendment, Henslee must prove that Singleton used force against him maliciously, for the purpose of causing harm, rather than in a good faith effort to maintain or restore discipline. It is not enough to show that, in hindsight, the amount of force seems unreasonable; Henslee must show that Singleton used force maliciously, for the purpose of causing harm. When I use the word "maliciously," I mean intentionally injuring another, without just cause or reason, and doing so with excessive cruelty or a delight in cruelty. Henslee must also prove that Singleton's use of force caused some harm to him.

In deciding whether Henslee has proven this claim, you should consider whether Singleton used force against Henslee, whether there was a need for the application of force, and the relationship between that need for force, if any, and the amount of force applied. In considering whether there was a need for force, you should consider all the relevant facts and circumstances that Singleton reasonably believed to be true at the time of the encounter. Such circumstances can include whether Singleton reasonably perceived a threat to the safety of staff

23

or inmates, and if so, the extent of that threat. In addition, you should consider whether Singleton made any efforts to temper the severity of the force he used.

You should also consider whether Henslee was physically injured and the extent of such injury. But a use of force can violate the Eighth Amendment even if it does not cause significant injury. Although the extent of any injuries to Henslee may help you assess whether a use of force was legitimate, a malicious and sadistic use of force violates the Eighth Amendment even if it produces no significant physical injury.

Third Circuit Pattern Jury Instructions (Civil Cases), 4.1.10 (2016).

**Maliciously**

"Maliciously" means intentionally injuring another without just cause or reason.   To act "maliciously" means intentionally to do a wrongful act without just cause or excuse, with an intent to inflict injury or under circumstances that show evil intent.

*166.31 O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, Section 11.03* (5th ed. 2000)**.**

Case 1:13-cv-00090-GCM   Document 101   Filed 02/27/17   Page 25 of 31

## Section 1983 – Damages – Compensatory

I am now going to instruct you on damages.   Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not Singleton should be held liable.

If you find Singleton liable, then you must consider the issue of compensatory damages. You must award Henslee an amount that will fairly compensate him for any injury he actually sustained as a result of Singleton's conduct.

Compensatory damages must be based on the evidence presented at trial, and only on that evidence.   Henslee has the burden of proving compensatory damages by a preponderance of the evidence.

Henslee claims the following items of damages:

> Physical harm during and after the events at issue, including Henslee's scalp and eyes burning and any such physical harm that Henslee is reasonably certain to experience in the future.

Third Circuit Pattern Jury Instructions (Civil Cases), 4.8.1 (2016).

26

**Section 1983 – Damages – Punitive**

In addition to compensatory or nominal damages, you may consider awarding Henslee punitive damage.   A jury may award punitive damages to punish a defendant, or to deter the defendant and other like the defendant from committing such conduct in the future.   Where appropriate, the jury may award punitive damages even if the plaintiff suffered no actual injury and so receives nominal rather than compensatory damages.

You may only award punitive damages if you find that Singleton acted maliciously or wantonly in violating Henslee's federally protected rights.   In this cases, there are multiple defendants.

- A violation is malicious if it was prompted by ill will or spite towards the plaintiff.   A defendant is malicious when he consciously desires to violate federal rights of which he is aware, or when he consciously desires to injure the plaintiff in a manner he knows to be unlawful.   A conscious desire to perform the physical acts that caused plaintiff's injury, or to fail to undertake certain acts, does not by itself establish that a defendant had a conscious desire to violate rights or injury plaintiff unlawfully.

- A violation is wanton if the person committing the violation recklessly or callously disregarded the plaintiff's rights.

If you find that it is more likely than not that Singleton acted maliciously or wantonly in violating Henslee's federal rights, then you may award punitive damages against Singleton. However, an award of punitive damages is discretionary; that is if you find the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them.   I will now discuss some considerations that should guide your exercise of this discretion.   But remember that you cannot award punitive damages unless you have found that Singleton acted maliciously or wantonly in violating Henslee's federal rights.

If you found that Singleton acted maliciously or wantonly in violating Henslee's federal

27

rights, then you should consider the purposes of punitive damages. The purpose of punitive damages are to punish a defendant for a malicious or wanton violation of the plaintiff's federal rights, or to deter the defendant and others like the defendant from doing similar things in the future, or both. Thus, you may consider whether to award punitive damages to punish the defendant. You should also consider whether actual damages standing alone are sufficient to deter or prevent the defendant from against performing any wrongful acts he may have performed. Finally, you should consider whether an award of punitive damages in this case is likely to deter other persons from performing wrongful acts similar to those the defendant may have committed.

If you decide to award punitive damages, then you should also consider the purposes of punitive damages in deciding the amount of punitive damages to award. That is, in deciding the amount of punitive damages, you should consider the degree to which Singleton should be punished for his wrongful conduct toward Henslee, and the degree to which an award of one sum or another will deter the defendant or other from committing similar wrongful acts in the future.

In considering the purposes of punishment and deterrence, you should also consider the nature of the defendant's action – in other words, how blameworthy that conduct was. You should also consider the amount of harm actually caused by the defendant's act, as well as the harm the defendant's act could have caused and the harm that could result if such acts were not deterred in the future.


Third Circuit Pattern Jury Instructions (Civil Cases), 4.8.3 (2016).

**Section 1983 – Damages – Nominal**

If you return a verdict for Henslee, but Henslee has failed to prove compensatory damages, then you must award nominal damages of $1.00.

A person whose federal rights were violated is entitled to a recognition of that violation, even if he suffered no actual injury. Nominal damages of $1.00 are designed to acknowledge the deprivation of a federal right, even where no injury actually occurred.

However, if you find actual injury, you must award compensatory damages (as I instructed you), rather than nominal damages.

Third Circuit Pattern Jury Instructions (Civil Cases), 4.8.2 (2016).

## Duty to Deliberate

The verdict must represent the considered judgment of each of you. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without disregard of individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans. You are judges, judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

O'Malley, et al., *Federal Jury Practice and Instructions*, §106.01 (5th ed. 2000).

Respectfully submitted this 27th day of February, 2017.

/s/Joshua D. Lanning
Joshua D. Lanning
N.C. State Bar No. 38858
Kimberly N. Cochran
N.C. State Bar No. 45939
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, NC 28202-4003
Phone: (704) 331-3647
joshlanning@mvalaw.com
kimcochran@mvalaw.com

**Attorneys for Plaintiff Jonathan Henslee**

30

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing **PLAINTIFF'S PROPOSED JURY INSTRUCTIONS** was electronically filed with the Clerk of Court using the Court's CM/ECF system, which will send notification of such filing to all counsel of record:

<div style="margin-left:2em">

Gerald Kevin Robbins         Kimberly Dawn Grande
N.C. Department of Justice     N.C. Department of Justice
9001 Mail Service Center      P.O. Box 629
Raleigh, NC 27599-9001      Raleigh, NC 27602
grobbins@ncdoj.com          kgrande@ncdoj.gov
**Attorney for Defendant**      **Attorney for Defendant**

</div>

This 27th day of February, 2017.

/s/Joshua D. Lanning _____

31