IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:13-cv-90-GCM

| | |
|---|---|
| JONATHAN HENSLEE, | ) |
|       Plaintiff, | ) |
| v. | ) MEMORANDUM OF LAW IN |
| | ) OPPOSITION TO |
| FNU SINGLETON, AVERY/MITCHELL | ) DEFENDANT'S MOTION IN |
| CORRECTIONAL OFFICER, | ) LIMINE |
|       Defendant. | ) |

Plaintiff Jonathan Henslee ("Mr. Henslee" or "Plaintiff"), by and through undersigned counsel, respectfully submits the following Memorandum of Law in Opposition to Defendant FNU Singleton's ("Mr. Singleton" or "Defendant") Motion *in Limine*. For the reasons stated below, this Court should deny, in part, Defendant's Motion *in Limine*.

## INTRODUCTION

Defendant asks the Court to limit four types of evidence:

1. Plaintiff's testimony, if any, "as to his alleged injuries, medical conditions, and the causation of his alleged injuries or conditions." (Def.'s Memo, Docket No. 97, p. 1.)

2. Plaintiff's testimony, if any, "regarding the appropriateness of Defendant Singleton's conduct in the context of prison rules or regulations." (*Id*. at p. 3.)

3. "Any evidence related to personnel disciplinary action or incidents and investigations not related to the October 27, 2012, use of force at issue in this case." (*Id*. at p. 4.)

4. "Any testimony or evidence related to an alleged video in this matter." (*Id*. at p. 6.)

Plaintiff does not contest the basic premises of Defendant's first and second requests regarding medical testimony and prison policy testimony; however, Plaintiff wishes to clarify the boundaries of the proposed limitations. As to Defendant's third and fourth requests regarding evidence of

1

personnel disciplinary and incident history and an alleged video recording, this Court should deny Defendant's attempt to exclude such evidence because it is directly relevant to this case and presents minimal, if any, prejudice to Defendant.

## ARGUMENT

### I. Plaintiff Is Qualified to Provide Opinion Testimony as a Lay Witness Regarding His Injury.

Regarding Defendant's first request, Plaintiff agrees that he is not a medical professional and cannot testify as a medical expert. However, for clarification purposes, Plaintiff does have a basis for offering opinion testimony as a lay witness about the injury inflicted upon him on October 27, 2012, due to Defendant pepper spraying him. Defendant appears to concede this point. *See* Def.'s Memo, Docket No. 97, p. 2 ("Clearly, the Plaintiff is qualified to testify regarding his own personal knowledge or experience of his injuries.").

Pursuant to Federal Rule of Evidence ("FRE") 701, a lay witness's opinion testimony is limited to that which is: "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." FED. R. EVID. 701. Here, Plaintiff's testimony about his injury would be based on his perception, given that he personally experienced being pepper sprayed. Such testimony would be helpful to understanding facts at issue in Plaintiff's 42 U.S.C. § 1983 case, as well. Lastly, Plaintiff's opinion testimony regarding his injury would be based on his personal knowledge and experience of Defendant pepper spraying him, not based on scientific, technical, or other specialized knowledge. Although Plaintiff is not qualified under FRE 702 to provide expert testimony about medical issues, this Court should find that Plaintiff may offer opinion testimony as a lay witness about the injury inflicted upon him, including the effects he personally felt in the days after October 27, 2012. *See*

2

*United States v. Williams*, 468 Fed. Appx. 343, 345 (4th Cir. 2012) (finding that there was no error in admitting the testimony of a crime scene technician and an FBI agent under FRE 701, where "[b]oth witnesses were clearly testifying from their perception and offering opinions based on their perception").

**II.     Plaintiff Is Qualified to Provide Opinion Testimony as a Lay Witness Regarding His Observations of Prison Officers' Conduct.**

Again, Plaintiff largely agrees with Defendant's second request regarding prison policies and rules. Plaintiff is not qualified as an expert under FRE 702 to opine on the policies of the North Carolina Department of Public Safety or the Avery-Mitchell Correctional Institution. Notwithstanding his lack of expertise, Plaintiff does have personal knowledge about the conduct of correctional officers at Avery-Mitchell Correctional Institution. Plaintiff should be permitted to testify under FRE 701 about his personal observations of correctional officers, as relevant to his excessive force claim. Such testimony meets the criteria of FRE 701 because it is rationally based on Plaintiff's perception, it is helpful to determining issues of fact in the case, and it is not based on scientific, technical, or other specialized knowledge. *See* FED. R. EVID. 701. Therefore, Plaintiff should be permitted to testify as to his personal observations of prison officers' conduct with respect to the October 27, 2012 incident.

**III.    Evidence of Personnel Disciplinary Action or Prior Similar Incidents Is Relevant and Not Prejudicial.**

In his third request, Defendant asks the Court to bar any evidence related to personnel disciplinary action or incidents and investigations other than the October 27, 2012 incident involving Plaintiff. (Def.'s Memo, Docket No. 97, p. 4.) Nonetheless, "Defendant Singleton contends there are no negative personnel actions in his records which could be presented against him." (*Id*. at p. 5-6.) To the extent that evidence of prior similar complaints or incidents of

excessive force exist and are relevant to this case, this Court should find them admissible because they would be relevant for purposes other than propensity under FRE 404(b) and because their probative value would outweigh any prejudicial effect under FRE 403. *See Lewis v. City of Albany Police Dep't*, 547 F. Supp. 2d 191 (N.D.N.Y 2008), *aff'd*, 332 Fed. Appx. 641 (2d Cir. 2009) (finding that prior complaints of use of excessive force against officer were admissible).

Defendant cites to *Simmons v. Scott*, No. 94-1035, 1995 U.S. App. LEXIS 5566 (4th Cir. 1995) as support for the proposition that the Fourth Circuit recognizes limits to the relevance of prior personnel actions in § 1983 cases. But in *Simmons*, the district court determined that evidence of prior personnel actions against the officer could not be introduced for two specific reasons: first, "not all of the proffered acts were similar enough to be probative of [the officer's] intent," and second, "every 'similar act' took place at least five years before the incident in question." *Simmons*, 1995 U.S. App. LEXIS at *7-8. The Fourth Circuit did not wholly bar the use of any evidence of prior complaints against an officer. Thus, to the extent Mr. Singleton has engaged in similar conduct or had similar complaints of excessive force made against him in the recent past, those acts are relevant and should be deemed admissible.

**IV.** **Evidence of a Video Recording of the Incident Is Highly Relevant and its Probative Value Clearly Outweighs Any Prejudicial Effect.**

Defendant requests that the Court limit Plaintiff's proposed evidence and testimony regarding a video recording of the incident on October 27, 2012, on the grounds of relevance and prejudicial effect. (Def.'s Memo, Docket No. 97, p. 7.) Defendant previously submitted an affidavit stating that the surveillance cameras in the hallway where Defendant pepper sprayed Plaintiff "are monitoring-only cameras which are viewable to officers in the Watauga Unit control booth" but "do not record." (Affidavit of Mike Ball, Docket No. 49-1, ¶ 7.)

FRE 401 states that "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." FED. R. EVID. 401.  FRE 403 states that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403.  Here, evidence of a video recording or lack thereof is relevant to the overall credibility of the facts and the weight jurors' may give certain evidence.  Evidence that a video recording does not exist may make certain allegations in this case more probable.  Moreover, questioning witnesses on this topic does not pose a large risk of prejudicing Defendant, particularly when weighed against the probative value.

The fact that Defendant has filed an affidavit regarding the video recording should not entirely eliminate the topic from trial.  Plaintiff should have a fair opportunity to seek testimony from witnesses on the monitoring systems in place at the location where Defendant used force against Plaintiff.  Because of its manifest relevance to the facts in the case and to the interpretation by the finder of fact, this Court should deny Defendant's request to exclude evidence of a video recording of the incident.

## CONCLUSION

For the above reasons, the Court should deny, in part, Defendant's Motion *in Limine*.


Respectfully submitted this 13th day of March, 2017.

        /s/Kimberly N. Cochran
        Joshua D. Lanning
        N.C. State Bar No. 38858
        Kimberly N. Cochran
        N.C. State Bar No. 45939
        MOORE & VAN ALLEN PLLC

100 North Tryon Street, Suite 4700
Charlotte, NC 28202-4003
Phone: (704) 331-3647
joshlanning@mvalaw.com
kimcochran@mvalaw.com

**Attorneys for Plaintiff Jonathan Henslee**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing **MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION IN LIMINE** was electronically filed with the Clerk of Court using the Court's CM/ECF system, which will send notification of such filing to counsel of record:

>Kimberly Dawn Grande
>N.C. Department of Justice
>P.O. Box 629
>Raleigh, NC 27602
>kgrande@ncdoj.gov
>**Attorney for Defendant**

This 13th day of March, 2017.

/s/Kimberly N. Cochran